281 So.2d 297 (1973)
Esther SPERLING et al., Petitioners,
v.
LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation, Respondent.
No. 42272.
Supreme Court of Florida.
July 31, 1973.
William R. Alvin, Miami, for petitioners.
Edward L. Magill, of Stephens, Magill, Thornton & Sevier, Miami, for respondent.
CARLTON, Chief Justice:
On petition for writ of certiorari, we now review a decision of the District Court of Appeal, Third District, reported at 258 So.2d 475, which conflicts with our decision in Glens Falls Ins. Co., et al. v. Gulf Breeze Cottages, Inc., 38 So.2d 828 (1949). We have jurisdiction by virtue of Article V, Section 3(b)(3), Florida Constitution, F.S.A.
Petitioners are owners of a building which is insured by respondent and which was damaged by fire. This action was initiated to recover from the insurer the cost of repairing the building. The trial court found the actual cash value of the damage to the building to be $32,350.00, "determined in accordance with the principles enunciated in New York Cent. Mut. Fire Ins. Co. v. Diaks, 69 So.2d 786, Fla. 1954, [and] Worcester Mutual Fire Insurance Co. v. Eisenberg, 147 So.2d 575, Fla. [App.] 1962... ." The trial court also applied a coinsurance penalty and disallowed certain minor claims made by petitioners.
On appeal, the District Court reversed as to the coinsurance penalty and the disallowed claims, but otherwise affirmed the final judgment. The District Court also held that the trial court committed no error in applying depreciation against the cost of repair and that this action was "in accordance with the decisions cited as a means of determining the amount of the loss." Herein lies the conflict with Glens Falls, supra.
*298 The amount recoverable in this case is governed by Fla. Stat. § 627.702, F.S.A. (formerly 627.0801), the Valued Policy Law, which provides in subsection (2) that the liability of an insurer under a contract to insure any building or structure against loss by fire shall be the "actual amount" of any partial loss, not to exceed the stated total value for which the property was insured. What is "actual value" of a partial loss is, in turn, governed by our decision in Glens Falls.
In Glens Falls we held that, since the purpose of an insurance contract is to indemnify the owner of property against loss, the measure of value of partial destruction of a building by fire should be the cost of placing the building "in as nearly as possible the same condition that it was before the loss, without allowing depreciation for the materials used." We see no reason for receding from this decision.
The cases cited by the trial court to support its determination of the actual amount of petitioners' loss are inapplicable here. Those cases dealt with the actual cash value of insured personal property, which is not covered by the Valued Policy Law. Also, they were concerned with the valuation of property totally destroyed by fire, not with a partial loss which was reparable for an amount less than the actual cash value of the property.
For the reasons stated herein, the decision of the District Court is reversed insofar as it affirms any application of depreciation in the finding by the trial court of the actual amount of petitioners' loss. The District Court's opinion stated that the trial court found the amount of loss to be $48,500 and reduced this by one-third for depreciation to arrive at the figure $32,500 in the final judgment. The record, however, although indicating that depreciation was considered, does not convince us that these figures were necessarily the ones considered by the trial court in reaching its result. The District Court of Appeal, Third District, is therefore ordered to remand this cause to the trial court with directions to make a specific finding of the amount of petitioners' loss in accordance with this opinion.
It is so ordered.
ROBERTS, ERVIN, ADKINS and DEKLE, JJ., concur.