No. 53,990

GERALD E. THOMAS, *Appellee,* v. AMERICAN FAMILY
MUTUAL INS. CO., *Appellant.*

(666 P.2d 676)

Opinion filed July 15, 1983.

*Jack R. Euler,* of Euler and Euler, of Troy, argued the cause and *J. D. Euler,* of the same firm, was with him on the brief for appellant.

*Robert A. Reeder,* of Reeder and Boeh, Chartered, of Troy, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Defendant, American Family Mutual Insurance Company (American Family), appeals from a judgment entered upon a jury verdict in an action by Gerald E. Thomas to recover for storm damage to his residence. Thomas was the insured in a "dwelling owners policy" insuring his residence at the time a windstorm caused damage to his roof. American Family attempted to settle the loss but its offer was refused and Thomas filed suit seeking damages in the amount of $3,165.19. The jury returned a verdict of $2,545.84, which was reduced by the trial court to $2,445.84 to take into account a $100.00 deductible clause in the policy. Judgment for Thomas was entered in the amount of $2,445.84 and American Family has appealed asserting several trial errors. We affirm.

On September 12, 1980, a severe windstorm caused a tree to fall upon appellee's home doing considerable damage to a portion of the roof. Additional facts will be stated as they become relevant to the issues raised on appeal.

The first three issues raised on appeal all concern the trial court's determination that depreciation could not be considered

in arriving at the amount of the loss. The three issues will be considered together.

The insurance policy at issue in this case provides:

"[T]his company . . . does insure the insured named in the declarations and legal representatives, *to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss,* without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured . . . ." (Emphasis added.)

Nowhere in the policy does it provide that the cost of repair is to be reduced by a depreciation factor and our statutes make no such provision. Although the policy does not define "actual cash value," if the property were wholly destroyed then the "actual cash value of the property at the time of loss" would be determined by statute. K.S.A. 40-905(a) provides:

"Whenever any policy of insurance or an increase in the amount of coverage in an existing policy of insurance shall be written to insure any improvements upon real property in this state against loss by fire, tornado, windstorm or lightning, and the property insured shall be *wholly destroyed,* without criminal fault on the part of the insured or the insured's assigns, *the amount of insurance written in such policy shall be taken conclusively to be the true value of the property insured, and the true amount of loss and measure of damages,* and the payment of money as a premium for insurance shall be prima facie evidence that the party paying for such insurance is the owner of the property insured." (Emphasis added.)

The policy issued by appellant provided $20,000.00 property damage coverage for appellee's dwelling, along with other coverage not involved in this action. In the event the property was "wholly destroyed" the policy coverage would be conclusively presumed to be the value of the property without any depreciation being taken into consideration. Should a partial loss under the same policy require that the cost of repair be reduced by depreciation on the property? We think not. The policy issued by American Family insured Thomas against loss "to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property." Clearly the policy contemplates payment for a partial loss to the property and appellant does not contend otherwise. The specific issue is whether "actual cash value" for a

partial loss contemplates a reduction in the cost of repair for depreciation on the damaged property.

In *American Media, Inc. v. Home Indemnity Co.*, 232 Kan. 737, 658 P.2d 1015 (1983), we recently set out a number of well-recognized rules for construction of insurance contracts. We held:

"Insurance policies must be construed according to the sense and meaning *of the terms used,* and if the language is clear and unambiguous, it must be taken in its plain, ordinary and popular sense." Syl. ¶ 2. (Emphasis added.)

"The language of a policy of insurance, like any other contract, must, if possible, be construed in such manner as to give effect to the intention of the parties. Where the terms of a policy of insurance are ambiguous or uncertain, conflicting or susceptible of more than one construction, the construction most favorable to the insured must prevail." Syl. ¶ 4.

"The test to be applied in determining the intention of the parties to an insurance policy is not what the insurer intended the policy to mean, but what a reasonable person in the position of the insured would understand it to mean." Syl. ¶ 6.

The instant policy does not appear to us to be ambiguous. It does not provide for any reduction in the cost of repairs based upon depreciation and it is not for us to read such a provision into the policy. *Duffin v. Patrick,* 212 Kan. 772, Syl. ¶ 3, 512 P.2d 442 (1973).

Appellant relies upon *U.S.D. No. 285 v. St. Paul Fire and Marine Ins. Co.,* 6 Kan. App. 2d 244, 627 P.2d 1147, *rev. denied* 229 Kan. 671 (1981), in asserting that a depreciation factor must be applied to the cost of repair in arriving at the insurable loss suffered by appellee. In *U.S.D. No. 285* a high school building and school bus garage belonging to the school district were extensively damaged when struck by a tornado. The trial court found the school district had suffered a "total loss" and ordered payment of the face amount of the policy which contained coverage identical to that provided by appellant in this case. Although the Court of Appeals reversed the trial court on several grounds, *U.S.D. No. 285* is clearly distinguishable from the present case. The school property had not been repaired or replaced, there were certain building code requirements which may have made repair impractical, if not impossible, and the trial court found a total loss. Among other things, the Court of Appeals stated:

"Finally, defendants contend the trial court incorrectly applied the terms of the

replacement endorsement in the case at bar. Once again, we concur. The primary insuring provisions of the policies before us provide for payment to the insured, in the event of loss, of an amount equal to the 'actual cash value' of the loss. Although this term is not defined in the policy and we find no Kansas cases defining the same, we are persuaded that this term means cost of repair or replacement, less applicable depreciation. See *Lerer Realty Corp. v. MFB Mutual Insurance Co.*, 474 F.2d 410 (5th Cir. 1973)." 6 Kan. App. 2d at 252.

The Court of Appeals' reliance upon *Lerer Realty Corp.* was misplaced. In that case the policy in issue specifically provided that depreciation would be taken into consideration. 474 F.2d at 412, n. 1. We think the better rule, absent policy provisions to the contrary, is that set forth in *Sperling v. Liberty Mutual Insurance Company*, 281 So. 2d 297 (Fla. 1973). In *Sperling* the court was called upon to determine the meaning of the "actual amount" of a partial loss under the Florida valued policy statutes. The court stated:

"[S]ince the purpose of an insurance contract is to indemnify the owner of property against loss, the measure of value of partial destruction of a building by fire should be the cost of placing the building 'in as nearly as possible the same condition that it was before the loss, without allowing depreciation for the materials used.' " p. 298.

The decision in *Sperling* was based on *Glens Falls Ins. Co. v. Gulf Breeze Cottages*, 38 So. 2d 828 (Fla. 1949), wherein it was said:

"Bearing in mind that the purpose of the contract was to indemnify the owner against loss, we think the chancellor adopted a rule which was fair and just and that the property should have been placed in as nearly as possible the same condition that it was before the loss, without allowing depreciation for the materials used. Certainly it was not intended that the repairs should be made with materials which were not new. If depreciation were allowed, it would cast upon the owner an added expense which we do not believe was contemplated by the parties when they entered into the insurance contract." p. 830.

Under our rules of construction governing insurance contracts, we are of the opinion a reasonable person in the same predicament as appellee would not expect depreciation to be considered to reduce and impair his ability to repair his partially damaged dwelling. The trial court did not commit error in determining that under the terms of appellee's insurance policy, the loss in the instant case should not be reduced by taking into consideration depreciation. We hold that the term "actual cash value," when applied to a partial loss under the insurance policy and facts in this case, means the cost to repair without any reduction

for depreciation. To the extent that syllabus ¶ 7, and the corresponding portion of the opinion in *U.S.D. No. 285 v. St. Paul Fire and Marine Ins. Co.*, 6 Kan. App. 2d at 252, are contrary to the views set forth herein that case is overruled.

Next appellant asserts error in the admission of certain testimony elicited from Larry Andrews, an adjuster employed by appellant. Shortly after the damage to appellee's property, Andrews attempted to settle the loss for $2,012.50 and a check for that amount was tendered to Thomas and refused. Andrews had arrived at a repair estimate of $2,112.50 which was then reduced by the deductible called for in the policy. Prior to trial the court sustained a motion *in limine* prohibiting Thomas from making any reference to settlement offers or to the sum tendered by American Family. On direct examination, Andrews testified for the company that the cost of repairs was $1,877.50. On cross-examination, however, testimony was elicited from Andrews that he had at an earlier date arrived at a repair estimate of $2,112.50. No reference was made to that amount being related to any tender or settlement offered by the company. The trial court overruled objections to the testimony and, on appeal, it is asserted the testimony was in violation of the order *in limine* and K.S.A. 60-452. We find no error in the cross-examination of Andrews. In overruling the objection to the question the trial court found that the order *in limine* merely precluded appellee from producing evidence of the settlement offer and tender. When Andrews testified on direct examination that the cost of repair was $1,877.50, it was not error in testing his credibility to allow testimony on cross-examination that he had previously determined the loss to be $2,112.50.

Next appellant asserts error in the failure of the trial court to give a requested instruction. It appears that the damage was on the south side of a gabled roof area which was destroyed by a falling tree. Certain trim and molding that needed to be replaced did not match that on the north slope of the roof. In addition, the replacement of the south slope would result in the north slope being 2 to 3 inches thicker than the new roof and the two would not come together properly at the peak where they met. Under the circumstances, appellee's expert testified it was also necessary to replace a portion of the north roof at a cost of $415.51.

American Family wanted the following to be given in the court's instructions to the jury:

"As used in the insurance policy involved in this case, the language '* * * repair or replace property with material of like kind and quality * * *' does not prevent a reasonable substitution of materials while repairing the insured property where materials of identical kind to that used in the original construction are not readily obtainable."

The trial court refused to include that language in its instructions. We find no reversible error in the court's failure to give the instruction, although there is authority for the appellant's position. See 44 Am. Jur. 2d, Insurance § 1506, p. 502; 15 Couch on Insurance 2d §54:148, p. 537 (rev. ed. 1983). The language in the requested instruction is not contained in the insurance policy and the instructions when read as a whole adequately advised the jury. The appellant had ample opportunity to argue the reasonableness of replacing the north slope of the roof and no prejudice has been shown in the refusal to give the requested instruction.

Appellant's next point on appeal concerns the allowance of attorney fees to appellee. K.S.A. 40-908 states:

"That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action including proceeding upon appeal to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed."

The judgment in the instant case was in excess of the settlement offer and tender of the appellant and the court did not commit error in the allowance of attorney fees.

In appellant's final two points it asserts the court erred in entering judgment on the verdict in appellee's favor and in overruling its motion for new trial. As the arguments in support of these contentions are the same as previously discussed, they are found to be without merit.

The judgment is affirmed.