MIDLAND BROADCASTERS,
INC., Plaintiff,

v.

INSURANCE COMPANY OF NORTH
AMERICA, Defendant.

No. 84 1069.

United States District Court,
D. Kansas.

April 28, 1986.

Charles S. Fisher, Jr., Topeka, Kan., for plaintiff.

Timothy J. Finnerty, McDonald, Tinker, Skaer, Quinn & Herrington, P.A., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case is before the court on defendant's motion for partial summary judgment.

On May 30, 1982, a windstorm damaged the tower and antenna of KMAJ–FM, a radio station located in Topeka, Kansas and operated by plaintiff. As a result of the damage, plaintiff's station was completely off the air on May 30 and 31, 1982. KMAJ–FM thereafter broadcasted at only ten percent of its normal power through July 30, 1982. Full power operations were then resumed. During the period of KMAJ–FM's terminated or reduced power, a business interruption insurance endorsement issued by defendant to plaintiff was in full force and effect. During the period from April 15, 1982 to July 15, 1982, Arbitron, a media rating organization, conducted its annual ratings analysis of the Topeka, Kansas market.

In reliance upon its business interruption insurance, plaintiff seeks to recover for a loss of advertising during the months following July of 1982, alleging its loss of gross sales was caused by Arbitron's rating of KMAJ–FM during the period of plaintiff's business interruption, and was a direct result of that business interruption.

Defendant seeks a ruling that plaintiff's loss of gross time sales after plaintiff resumed full-power operations is not compensable under the business interruption provision of plaintiff's insurance policy.

To grant a motion for summary judgment, the court must first determine that the matters on file and affidavits regarding the motion "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must read the record in the light most favorable to the non-moving party. *Lindley v. Amoco Production Co.,* 639 F.2d 671, 672 (10th Cir.1981). The movant must establish its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985). Summary judgment should not be granted if circumstantial evidence or factual inferences tend to establish genuine issues for trial. *Barber v. General Electric Co.,* 648 F.2d 1272, 1277–1278 (10th Cir.1981). A party resisting a motion for summary judgment cannot rest upon mere allegations or denials in the pleading, but must set forth specific facts showing a genuine issue remains for trial. *Dart Industries, Inc. v. Plunkett Company of Oklahoma,* 704 F.2d 496, 498 (10th Cir.1983).

Plaintiff's business interruption insurance endorsement covers certain "loss of Gross Receipts directly resulting from" interruption of plaintiff's radio and/or television broadcasting. The measure of recovery under gross receipts coverage is stated to be:

> the reduction in gross receipts ... less charges and expenses which do not necessarily continue during interruption of business for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair, or replace such part of the property ... as has been damages or destroyed ...

Plaintiff suggests that the policy language is ambiguous. The court disagrees and finds the words to have only one meaning, which is clear and definite, as have other courts which have examined similar provisions. *See, e.g., Associated Photographers v. Aetna Cas. & Sur. Co.,* 677 F.2d 1251 (8th Cir.1982); *Eastern Associated Coal Corp. v. Aetna Cas. & Sr. Co.,* 632 F.2d 1068, (3d Cir.1980), *cert. denied,* 451 U.S. 986, 101 S.Ct. 2320, 68 L.Ed.2d 843 (1981); *American Alliance Insurance Co. v. Keleket X-Ray Corp.,* 248 F.2d 920 (6th Cir.1957).

■ The clear language of the provision fixed the period of time for which plaintiff can recover, and prevents recovery of earnings which are lost after plaintiff's business could have resumed full-power operations. Plaintiff's recovery for business interruption loss is, by the policy terms, limited to losses occurring before that cut-off date.

> Plaintiff's recovery must be restricted to the loss of income that would have been earned during the reconstruction period, even though there may have been a substantial additional, but uninsured, loss consisting of reduction in income subsequent to the date of full restoration. It is common knowledge that a business interruption for any extended period may, and often does result in a loss of customers, some for a short period, some for longer periods and some permanently. A "cut off" date is a necessity. Otherwise, claims would be opened to a degree of speculation which would be absurd. There would be no available method to determine with any degree of accuracy the amount of such losses. (citations omitted)

*Rogers v. American Insurance Co., et al,* 338 F.2d 240 (8th Cir.1964).

Additional support for this construction is found in paragraph 'G' of the gross receipts provision of plaintiff's policy. That paragraph provides that the insurer shall not be liable for any increase in loss which may be occasioned by an ordinance or law regulating repair, by the suspension of any lease, or by interference by strikers or others, and further provides "nor shall this company be liable for any other conse-

quential or indirect loss." Plaintiff's loss of advertising is clearly consequential in nature.

■ The policy included in the record further states it insures:

[l]oss of income during the period of recovery, directly resulting from interruption of the insured's operations at the locations scheduled in the Declarations, caused by loss or damage by perils insured against to real or personal property at such locations.

The "period of recovery" is defined as: only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair, or replace that part of the property which has been damaged or destroyed commencing with the date of such damage or destruction, but no limited to the termination of this policy.

"Income" is defined as:

The sum of:

(1) Total net sales value of production,

(2) Total net sales of merchandise which is not the product of the insured's manufacturing or processing operations, and

(3) Other income derived from operations of the insured including the rental or lease of property to others

Less the cost of:

(4) Raw stock from which production is derived,

(5) Supplies consumed in conversion of raw to finished stock or in supplying services sold by the insured,

(6) Merchandise sold, including packaging materials, which is not the product of insured's manufacturing or processing operation, and

(7) Services purchased (from other than employees) for resale which do not continue under the contract.

Plaintiff is seeking to recover loss of sales which plaintiff anticipated would occur after it resumed full operations. Profits from such projected sales are not "net sales" or "income derived" and do not fall within the definition of "income" or occur during the "period of recovery." Consequently, such anticipated profits are not within the coverage provisions of the policy.

Plaintiff argues that the purpose of business interruption insurance is to indemnify it against all losses which would not have occurred but for the interruption in its business. The court recognizes that business interruption insurance "is designed to do for the insured in the event of business interruption ... just what the business itself would have done if no interruption had occurred." *National Union Fire Ins. Co. v. Anderson-Pritchard Oil Corp.*, 141 F.2d 443 (10th Cir.1944). However, cases citing this general statement do not address the problem of whether to award recovery for losses occurring after the business interruption ceases. If such losses are to be compensated, the express language limiting recovery would have to be ignored. Since that language is not ambiguous, there is no basis for ignoring it.

Plaintiff's argument finds no support in case law, and its reliance upon *Beautytuft, Inc. v. Factory Insurance Agency*, 431 F.2d 1122 (6th Cir.1970) is misplaced. That case, in examining a 'cut-off' clause identical to that in the present insurance contract, merely held that the contract provides a theoretical as opposed to an actual replacement time as the basic time standard for computation of business interruption loss. 431 F.2d at 1124. Accordingly, because the *Beautytuft* plaintiffs did not rebuild their destroyed facilities but quickly found another location in which to operate, they were able to recover actual damages even after they resumed full production for the period of time it would theoretically have taken to rebuild, repair, or replace the destroyed property.

In the present case, plaintiff did not seek a substitute location in which to operate, but instead resumed full operations at its original location on July 30, 1982. Defendant does not contend that plaintiff, by exercising due diligence and dispatch, should have repaired or replaced its damaged property before that date. Conversely,

plaintiff does not argue that it, in an abundance of diligence, actually repaired or replaced its property sooner than it would theoretically have taken, or that the period of recovery, as defined in the policy, should extend beyond July 30, 1982. Accordingly, the court finds the theoretical replacement time to coincide with the actual replacement time under these facts.

Plaintiff suggests that defendant's agents represented that the losses plaintiff seeks to recover were covered under the policy in question. Plaintiff mentions those representations only to support its assertion that the policy should be interpreted by the court in the same manner that it was understood by plaintiff. The court rejects this assertion because the policy language is clear and unambiguous and the words must be taken in their plain, ordinary and popular sense. *See Thomas v. American Family Mut. Ins. Co.*, 233 Kan. 775, 777, 666 P.2d 676 (1983). The issue of defendant's estoppel to deny coverage is not before the court on this motion, and no determination thereof is hereby made.

The facts material to the court's resolution of this motion are not in dispute. The court makes no finding as to the amount of recovery due plaintiff under the business interruption coverage, but does find that plaintiff's recovery must be limited to the loss of income that would have been earned by plaintiff from May 30, 1982 through July 30, 1982.

IT IS THEREFORE ordered that defendant's motion for partial summary judgment is granted.