E. J. KINZER, *Appellee,* v. THE NATIONAL MUTUAL IN-
SURANCE ASSOCIATION, *Appellant.*

No. 17,779.

SYLLABUS BY THE COURT.

1. INSURANCE—*Partial Destruction of Property—Distribution of
Loss.* A fire insurance policy for $1000 covered property de-
scribed as a frame building and an undivided half interest in
a brick wall. In an action upon the policy the court found
that the frame building was wholly destroyed by fire without
injury to the brick wall, and that the value of the brick wall
was $250. *Held,* there being no separate valuation of the
properties or distribution of the amount of insurance, the
insurer is liable for actual loss of the property destroyed to
the extent of $1000, and the court rightly refused to deduct
from the amount of recovery the value of the brick wall.

2. ———— *Terms "Wholly Destroyed" and "Total Loss" Con-
strued.* Property is to be regarded as having been "wholly
destroyed" or a "total loss" within the meaning of an in-
surance contract, no matter how great a portion thereof may
remain unconsumed, if it is so injured that it must be torn
down or that what remains can not be utilized in recon-
structing the building without incurring a greater expense
than if it were not so utilized. (*Insurance Co. v. Heckman,*
64 Kan. 388, 395, 67 Pac. 879.)

Appeal from Douglas district court. Opinion filed
November 9, 1912. Affirmed.

*Ord Clingman,* of Lawrence, for the appellant.

*S. D. Bishop,* of Lawrence, for the appellee.

STATEMENT.

This is an action on a fire insurance policy. The
owner of the property recovered and the company
appeals. The cause was tried to the court. The facts
are stated in the following findings of the court:

1.

"On September 9, 1909, and for a substantial period
of time prior thereto, the plaintiff was the owner of
Lot No. 40 on Eighth Street in the City of Baldwin, in

this county, and on September 9, 1909, made application in writing to the defendant company for a policy of insurance for $1000 upon the following described property: '$1000 on one story shingle roof, frame building, including ½ of brick wall on south side, basement and foundation, occupied as a restaurant.'

"This application was written by the company's agent at Baldwin, signed by the plaintiff, and by the agent forwarded to the company at Pittsburg, Kansas. Upon the receipt of the application, the defendant company issued to the plaintiff the policy in suit, forwarded the same to its agent at Baldwin, who delivered it to the plaintiff, and received the premium therefor. The property insured as described in the policy is as follows:

" '$1000 on one story shingle roof, frame building including basement and foundation, the first floor occupied as a restaurant.'

"The policy further provides:

'The application from which this policy is written, and any survey, plan, or description of the property referred to in this policy, shall be a part of this contract, and a warranty by the insured.'

2.

"The building above indicated was a frame building situated upon the lot in question. The lot adjoining Lot No. 40 on the south was owned by another party who had erected thereon a substantial two story brick and stone building, and the plaintiff, prior to the time of the issuance of this policy had purchased from the adjoining owner a one-half interest in the north wall of this brick and stone structure. This north wall, however, formed no part of the frame building insured by this policy, but the south wall of the frame building and the north wall of the brick building were very close together. The brick wall was not injured and the undivided half was worth about $250.

3.

"On February 15, 1910, the building above described was totally destroyed by fire, and due proofs of the loss were made, and accepted by the company. Negotiations looking toward a settlement having failed, the company on March 10, 1910, served written notice upon the

plaintiff of its election to repair or rebuild the building insured, in harmony with the provisions of the policy, and requested the plaintiff to furnish his plans and specifications, which he did on March 24th, 1910.

### 4.

"The company at once set about to repair or rebuild the building, when it was prohibited from so doing by the City of Baldwin, because the Lot No. 40, upon which said building formerly stood, was within the fire limits as prescribed by an ordinance of that city, duly enacted. The company did not offer to repair or rebuild the said building, out of 'stone, brick or other incombustible material, with fireproof roof,' in accordance with the requirements of the fire ordinance of the city.

### 5.

"The said policy of insurance further provides that in the event that the defendant is prevented from making repairs to any building or property upon which a loss has occurred, by the laws and ordinances of any city wherein such property may be situated, that then and in that event, the plaintiff shall only be liable for the amount that it will cost to make such repairs.

### 6.

"To rebuild a structure such as the one that was burned would cost $977. In arriving at that estimate I find that the value of the salvage did not exceed the cost of tearing it down and removing the debris.

### 7.

"A reasonable attorney's fee for the prosecution of this action is $100."

The court thereupon rendered judgment against appellant for $1135.62 which included the sum of $977 and interest for one year and $100 attorney's fees.

The opinion of the court was delivered by

PORTER, J.: Authorities are cited to the effect that the written application and policy are to be construed together and that the policy must be held to cover the interest of the insured in the brick wall. We do not understand that the trial court ruled differently. The

statute so provides. (Gen. Stat. 1909, § 4226; *Smith v. Insurance Co.*, 82 Kan. 697, 702, 109 Pac. 390.) It follows by no means, however, that appellant is correct in the contention that the value of the appellee's interest in the brick wall should have been deducted from the amount for which the appellee could recover for the loss to the other property. The contention would be correct if the policy had by its terms placed a separate valuation on the different properties, or in other words if there had been in the policy a distribution of the insurance so as to provide for $250 on the interest of the insured in the brick wall and $750 on the frame structure. But there was no distribution of the amount of insurance nor a separate valuation of the different properties. (19 Cyc. 838.) The situation is the same as though the policy had provided for $1000 insurance on two buildings, and only one had been damaged by the fire. In an action upon such a policy the liability of the insurer would be the actual loss to the one building but could not exceed $1000.

The valued-policy law can have no room for operation for the reason that all the property included within the $1000 valuation was not wholly destroyed, the brick wall being practically uninjured. While the court finds that the frame building was totally destroyed, the amount of the recovery is not predicated upon the conclusive effect of this fact under the valued-policy law. (Gen. Stat. 1909, § 4260.) On the contrary the court heard the evidence of both parties as to the actual loss sustained. By reason of the action of the city authorities in refusing permission to repair after the appellant had elected to repair, the amount of the loss could only be ascertained by determining what it would cost to repair the structure or restore it to its original condition. The policy in express terms provides that such shall be the measure of liability.

There appears to be no difference in the contentions of the parties respecting the law, which controls in

Kinzer v. Insurance Association.

determining whether or not there has been a total loss of a building by fire. The appellant cites and relies upon the very cases which the trial court must have had in mind in arriving at the conclusion that the building in controversy was wholly destroyed. (*Insurance Co. v. Heckman,* 64 Kan. 388, 67 Pac. 879, and cases cited in the opinion.) This court there declared the rule to be that:

"Although some portion of the building may remain after the fire, yet if such portion can not be reasonably used to advantage in the reconstruction of the building or will not, for some· purpose, bring more money than sufficient to remove the ruins, such building is, in contemplation of law, a 'total loss' or 'wholly destroyed.'" (p. 395.)

Another case cited by appellant which recognizes the same rule is *Royal Ins. Co. v. McIntyre,* 90 Tex. 170, 37 S. W. 1068. There the test is said to depend upon the question "whether a reasonably prudent owner, uninsured, desiring such a structure as that in question was before the injury, would, in proceeding to restore the building to its original condition, utilize such remnant as" a basis. See also note to the same case in 59 Am. St. Rep. 811, where the author uses the following language: "Undoubtedly, no matter how great a portion of the building may remain unconsumed, yet if it is so injured that it must be torn down or that what remains can not be utilized in reconstructing the building without incurring greater expense than if it were not so utilized, the property must be regarded as having been 'wholly destroyed,'" citing *O'Keefe v. Ins. Co.,* 140 Mo. 558, 41 S. W. 922, *German Ins. Co. v. Eddy,* 36 Neb. 461, 54 N. W. 856, *Harriman and another v. The Queen Ins. Co. of London and Liverpool,* 49 Wis. 71, 5 N. W. 12, and *Seyk and others v. The Millers' Nat. Ins. Co.,* 74 Wis. 67, 41 N. W. 443.

That the trial court proceeded upon the correct theory appears from the finding that the value of the salvage

would not exceed the cost of tearing it down and removing the debris.

The court, upon conflicting evidence, found the amount of the loss, and the claim that the finding is contrary to the weight of the evidence can not be considered. The witnesses varied in their estimates as to the amount it would cost to repair or rebuild. The mere fact that the court saw fit to adopt the highest estimate of the witnesses for appellee is no ground for a claim of error.

The judgment is affirmed.

SYLLABUS BY THE COURT.

