336 F.Supp.2d 950 (2004)
AMERICAN STATES INSURANCE COMPANY, Plaintiff,
v.
BOYCOM CABLE VISION, INC., Defendant.
No. 1:02 CV 00151 LMB.
United States District Court, E.D. Missouri, Southeastern Division.
September 3, 2004.
*951 Robert W. Cockerham, Brown and James, P.C., St. Louis, MO, for Plaintiff.
Scott A. Robbins, Kennedy and Kennedy, Poplar Bluff, MO, for Plaintiff and Defendant.
Robert E. Tucker, Goffstein and Raskas, St. Louis, MO, Daniel T. Moore, Moore and Walsh, L.L.P., Poplar Bluff, MO, Kenneth L. Dement, Jr., Dement and Vandivort, Sikeston, MO, for Defendant.

MEMORANDUM AND ORDER
BLANTON, United States Magistrate Judge.
This matter is before the court on the complaint of plaintiff American States Insurance Company. Plaintiff seeks a declaration of its rights and obligations under an insurance policy issued in favor of the defendants. Plaintiff asserts its cause of action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636(c).
Presently pending before the court is plaintiff's Motion for Summary Judgment (Doc. No. 44). The motion was filed on May 17, 2004. For the reasons stated herein, the motion for summary judgment will be granted.

Background
In this case, plaintiff American States Insurance Company is a foreign corporation licensed as an insurance company in the State of Washington. Defendant Boycom Cable Vision, Inc., is a corporation organized under the laws of the State of Missouri with its principal place of business in Missouri.
Plaintiff's complaint alleges that plaintiff issued to defendant a commercial property insurance policy, with dates of coverage from January 9, 2002 to January 9, 2003. Plaintiff states that on or about April 24, 2002, a tornado caused damage to approximately 25,000 feet of aerial and underground cable permanently installed and located more than 100 feet off of defendant's business premises. Plaintiff alleges that defendant then filed a claim with plaintiff for losses from property damage and for loss of income and profits. Plaintiff alleges that the insurance policy issued to defendant does not provide coverage from defendant's claims because the cable was not "covered property" as defined by the policy. Plaintiff further alleges that the policy does not provide coverage for defendant's claim for lost income and profits because this type of coverage is only applicable to loss of business sustained due to suspension of operations caused by damage at the insured premises or to personal property within 100 feet of the insured premises.
Defendants asserted a third-party claim against Third-Party Defendants Johnny Howe, Seann Howe, Premier Insurance Agency, Inc., Russell French, and Brooke Insurance, alleging that in March of 1993, third-party defendants Johnny Howe and Premier Insurance Agency, Inc. made certain intentional misrepresentations to defendant concerning the coverage of the commercial property insurance policy. Third Party Defendant Johnny Howe filed suggestions of bankruptcy, and this court stayed the third party action until bankruptcy proceedings are final. The original action between American States and Boycom is still pending.
*952 Presently pending before the court is plaintiff's motion for summary judgment. (Doc. No's. 44). This motion was filed on May 17, 2004. Defendant filed an Opposition to Defendants' Motion for Summary Judgment. (Doc. No. 48). Plaintiff filed a Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment. (Doc. No. 51). Defendants then filed a Response in Opposition to Plaintiff's Motion for Summary Judgement. (Doc. No. 53).

Discussion
A. Summary Judgment Standard
A court may grant summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, according to Federal Rule of Civil Procedure 56(c). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252, 106 S.Ct. at 2512. In deciding a motion for summary judgment, the court must review the facts and all reasonable inferences in a light most favorable to the nonmoving party. See Canada v. Union Elec. Co., 135 F.3d 1211, 1212 (8th Cir.1997).
In a motion for summary judgment, the movant bears the initial burden of proving the absence of any genuine issue of material fact that would preclude judgment for the movant. See City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988). Once the movant has met this burden, the non-movant may not rely on mere denials or bare allegations, but must point to specific facts that raise a triable issue. See Anderson, 477 U.S. at 249, 106 S.Ct. at 2510-2511. The non-movant must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Supreme Court has found that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Id. at 322, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).
B. Plaintiff's Motion For Summary Judgment
Plaintiff argues in its Motion for Summary Judgment that because Boycom's policy does not cover property located more than 100 feet from the premises described in the Declarations, plaintiff is not obligated to provide insurance coverage to defendant as to the damaged aerial and underground cable. In addition, plaintiff argues that it is not obligated to provide coverage as to loss of income and profits because the policy only covers such losses if the loss stems from a direct physical loss to property that is covered because it is either at the premises described in the Declarations or within 100 feet of the described premises. Plaintiff further argues that defendant accepted the policy and that the policy reflects the sole embodiment of its contract of insurance with plaintiff. Plaintiff contends that the type of insurance required to cover defendant's losses is called "transmission and distribution" coverage and that plaintiff is not in the business of providing that type of insurance.
Defendant filed a Response to Plaintiff's Motion for Summary Judgment, arguing that Johnny Howe is an agent of plaintiff American States and that American States is therefore bound by Johnny Howe's representations. *953 Defendant states that it purchased insurance from American States through Mr. Howe to cover its buildings, towers, vehicles, and general liability. Defendant contends that Mr. Howe later advised Boycom's corporate officer, Patricia Jo Boyers, that he would "take care" of an endorsement to Boycom's policy with American States, adding "transmission and distribution" coverage. Defendant asserts that Boycom received a memorandum from Mr. Howe's agency indicating that the endorsement would be "forthcoming," and that Boycom relied on these assertions, believing it had transmission and distribution coverage. Defendant argues that Mr. Howe and his agency, Premier Insurance Agency, Inc., regularly conducted business with American States and that Mr. Howe had authority from American States to bind, write, and sell insurance within certain limits. Defendant contends that American States knowingly allowed the continuing appearance of Mr. Howe and Premier as agents of American States and that Boycom relied on this perceived authority in believing its transmission lines were insured.
Plaintiff filed a Reply, asserting that defendant has failed to prove that Mr. Howe had actual or apparent authority to modify the insurance policy to bind American States. Plaintiff argues that Mr. Howe was the agent for the insured, Boycom, in procuring the transmission and distribution coverage. Plaintiff asserts that a presumption exists that a broker is the agent of the insured, absent special circumstances, and that no special circumstances are present here to rebut this presumption. Plaintiff further argues that, even if Mr. Howe was the agent of American States, it is not responsible for his statements that are contrary to the plain language of the policy. Finally, plaintiff contends that under the well-established acceptance doctrine, an insured has a duty to promptly examine its policy to ensure it contains the terms of coverage desired or agreed upon, and if the policy does not, to reject it by promptly notifying the insurer of its dissatisfaction therewith.
Defendants filed a Response, arguing that the long-term relationship between Mr. Howe and Boycom, and the fact that Mr. Howe secured other American States policies for defendant constitute "special circumstances" that create an agency relationship between Mr. Howe and American States. Defendant contends that Mr. Howe had apparent authority to issue the endorsement because American States allowed Mr. Howe to accept policy applications and defendant knew of this fact due to its longstanding relationship with Mr. Howe and the memorandum it received from Premier indicating that the endorsement was forthcoming.
Defendant concedes that the insurance policy, as written, does not cover the claimed loss of property and subsequent business income loss. Further, plaintiff does not dispute that Boycom requested transmission and distribution coverage from Mr. Howe or that Mr. Howe's agency indicated the endorsement would be forthcoming. The only issue disputed by the parties is whether Mr. Howe is an agent of Boycom or of American States. Defendant contends that the agency of Mr. Howe is an issue of fact to be determined by the jury because either there is a conflict of the evidence or the undisputed facts might lead reasonable men to draw different conclusions as to the scope of the authority allowed to Mr. Howe.
Under Missouri law an insurance broker is "`primarily [the] agent [of] the person who first employ[s] him.'" Secura Insurance Co. v. J.R. Saunders, 227 F.3d 1077, 1080 (8th Cir.2000) (quoting H & H Manufacturing Co. v. Cimarron Insurance Co., 302 S.W.2d 39, 43 (Mo.Ct.App.1957)). A broker may be the agent of the *954 insurer for some purposes, and the agent of the insured for others. Secura Insurance Co., 227 F.3d at 1080. Unless some special conditions or circumstances indicate that the opposite is true, however, the presumption exists that a broker is the agent of the insured. Id. The broker therefore "may not be converted into an agent for the insurance company without some action on the part of the company, or the existence of some facts from which his authority to represent it may be fairly inferred." Id. (quoting H & H Manufacturing Co. 302 S.W.2d at 43). Under Missouri law, when a broker acts on behalf of an insured to shop around for insurance among multiple insurance companies, the broker is the agent of the insured. See Mark Andy, Inc. v. Hartford Fire Insurance Company, 229 F.3d 710, 717 (8th Cir.2000); Secura Ins. Co., 227 F.3d at 1080. Any mistakes made by the broker are attributable to its principal, the insured, and not to the insurance company. Mark Andy, Inc., 229 F.3d at 717. This is true even when there is an agency agreement between the broker and a particular insurance company. Id. If, however, a principal has in some manner invested a person with the appearance of authority, then the principal is estopped from denying that person's authority when an innocent third person thereafter relies on it. See Secura, 227 F.3d at 1081.
In this case, the parties do not dispute the relevant facts surrounding Mr. Howe's agency. Boycom had a longstanding relationship with Mr. Howe, whereby Boycom would go to Mr. Howe for all of its insurance needs. Boycom knew that Mr. Howe was not an exclusive agent, that he could write for numerous companies, and that he would shop around for the best policy for Boycom. Boycom never requested that Mr. Howe obtain insurance specifically from American States and Boycom never had any direct communications with American States. In 1992, at the inception of the business, Boycom's Vice-President, Patricia Jo Boyers, contacted Mr. Howe to request business insurance for Boycom. Boycom first became insured with American States in or around 1993, when Mr. Howe procured a business policy for the company. Boycom later requested transmission and distribution coverage from Mr. Howe, due to the urging of its lender. Mr. Howe indicated to Boycom that he would "take care" of the additional coverage and his agency later sent a memorandum to Boycom indicating that an endorsement to its American States policy would be "forthcoming." Mr. Howe never procured the transmission and distribution endorsement. In fact, American States does not even offer transmission and distribution coverage.
Given these undisputed facts, the question of whether Mr. Howe was American States' agent can be determined as a matter of law. See Mark Andy, 229 F.3d at 717. It is clear that Mr. Howe was an agent of the insured, Boycom, at all relevant times. It is undisputed that Mr. Howe did not have actual authority to secure the transmission and distribution endorsement because American States does not provide transmission and distribution coverage. Defendant alleges only that Mr. Howe had apparent authority to act as American States' agent in securing the endorsement.
Boycom consulted Mr. Howe to secure the best insurance coverage and rates for Boycom. Ms. Boyers knew that Mr. Howe was looking to Boycom's best interests:
Q: Okay. Did you understand on behalf of Boycom Cable Vision, Inc. that your insurance agent, or agents, over the years would go out and shop around and try to get you the best deal, the best insurance policy, the best coverage that they could for Boycom? Did you understand that? Is that what you wanted?
*955 A: I understand that whenever I called them I wasn't buying insurance from American States, I was buying insurance from Johnny Howe or from Russell French. That's who I did business with. And when they turn and go to a different company or wherever the company is, you know, I assumed that they had my best interest and they would get me a company that was financially solvent and sound and also get me a good premium.
Plaintiff's Exhibit A, p. 67. Further, Mr. Howe admitted in his deposition that he was acting as Boycom's agent:
Q: Okay. Let me ask you a little bit here. Your relationship with Boycom Cable Vision, Inc., you were acting as their broker, their agent 
A: Agent.
Q:  in procuring insurance; is that correct?
A: Yes, sir.
Q: And you would shop around and do the best you could to find the best insurance for them; is that correct?
A: Yes, sir.
Q: We heard it from Mrs. Boyers earlier today, but I want to confirm with you that she didn't ask specifically for any insurance carrier, did she?
A: Not necessarily, no.
Plaintiff's Exhibit B, p. 44. Defendant points to no evidence that would serve as a "special condition or circumstances" to rebut the presumption that Mr. Howe, the broker, is the agent of Boycom, the insured. Defendant argues that the existence of the long-term relationship between Boycom and Mr. Howe, and the fact that Mr. Howe had secured many policies for plaintiff, including policies with American States, constitute special conditions or circumstances. The Eighth Circuit, however, has consistently held that the authority to bind does not mean the broker ceases to be solely the insured's agent. See Mark Andy, Inc., 229 F.3d at 713 n. 3, 717 (broker agent of insured as matter of law even though broker was permitted to bind, issue, and deliver policies); Secura Insurance Co., 227 F.3d at 1081 (broker agent of insured even though broker had authority to bind and broker checked box on insurer's form indicating coverage was bound).
For apparent authority to exist, the principal must have invested a person with the appearance of authority, by affirmative acts such as making representations on the insurer's forms. See Secura Insurance Co., 227 F.3d at 1081; Travelers Indemnity Co. v. Beaty, 523 S.W.2d 534, 538 (1975). Although defendant relies on Beaty as support for the existence of apparent authority, the facts of that case can be distinguished. In Beaty, the court found apparent authority based upon representations the insurer made on forms supplied to the broker indicating the broker had authority to bind coverage immediately by oral contract. See Beaty, 523 S.W.2d at 538. Defendant does not allege that American States invested Mr. Howe with the appearance of authority by representations on forms or otherwise. In addition, defendant admits that it had no direct communication with American States at any time.
Defendant places great emphasis on the fact that Mr. Howe was to secure an endorsement to the existing American States policy as opposed to securing a new policy. This distinction, however, does not aid defendant in its claim. In Secura, the insured had an existing policy with the insurer and desired to extend coverage to additional rental properties. See Secura Insurance Co., 227 F.3d at 1079. The insured's broker failed to include a required description of the property to be covered and consequently the insurer did not issue the additional coverage. See id. The Eighth Circuit nonetheless held that *956 no special circumstances exited to rebut the presumption that the broker was the insured's agent. See id at 1081. The court held that the fact that the insurer furnished the broker with application blanks was not indicative of apparent authority, nor was the box on the application indicating "coverage is bound." Id. Boycom does not allege any additional facts other than those present in Secura, where the court declined to find apparent authority. In fact, Boycom presents no evidence that American States made any representations indicating Mr. Howe was its agent. Thus, this court finds as a matter of law that Mr. Howe was Boycom's agent.
This court further finds that even if Mr. Howe were the agent of American States, Boycom accepted the policy as written and is therefore bound by the policy. Boycom had a duty to examine its policy promptly in order to determine whether the policy contained the terms agreed upon, and the failure to do so is deemed to be the acceptance of the policy as written. See Secura Insurance Co., 227 F.3d at 1081 (insured held policy for unreasonable time without objection and therefore bound by terms when broker made mistake on application for additional coverage); Jenkad Enterprises, Inc. v. Transportation Insurance Co., 18 S.W.3d 34, 38 (Mo.App.2000) (insured failed to reject policy within a reasonable time when held policy for 8-10 weeks, even though broker found to be agent of insurer).
In this case, the damage for which defendant seeks recovery occurred on April 24, 2002. The representations made by Mr. Howe concerning the transmission and distribution coverage occurred in March of 1993. Boycom had the same policy with American States with renewals, for approximately ten years before the damage at issue occurred. Boycom does not argue that it did not have the opportunity to examine its policy. Boycom had the duty to examine the policy when it was received to determine whether it contained the endorsement promised by Mr. Howe. This is especially true here, where Mr. Howe merely indicated that the endorsement would be "forthcoming." Boycom should have examined the policy when it was received to ensure that the endorsement was in fact effected. A reasonable examination of the policy would have revealed no mention of transmission and distribution coverage. Ten years was ample time for Boycom to examine the policy and discover that it did not contain the endorsement. As such, Boycom failed to examine the policy within a reasonable amount of time and thereby accepted the policy as written, without the transmission and distribution coverage.
Accordingly, it is the judgment of this court that Johnny Howe was Boycom's agent, that Boycom held the policy for an unreasonable time without objection, and Boycom is, therefore, bound by its terms. Thus, plaintiff's motion for summary judgment will be granted.

ORDER
IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment be granted by separate summary judgment.