# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2167

_____

| | | |
|---|---|---|
| State Auto Property & Casualty Insurance Company, | * | |
| | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Boardwalk Apartments, L.C., | * | |
| | * | |
| Defendant-Appellant. | * | |
| | * | |
| ------------------------------------- | * | |
| | * | |
| Boardwalk Apartments, L.C., | * | |
| | * | |
| Third Party Plaintiff-Appellant, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| T.S.A., Inc., doing business as The Sloan Agency, | * | |
| | * | |
| | * | |
| Third Party Defendant-Appellee. | * | |
| | * | |

_____

Submitted: December 10, 2008
Filed: July 14, 2009

_____

Before MELLOY, BENTON, and DOTY.[1]  Circuit Judges.

_____

BENTON,  Circuit Judge.

State Auto Property and Casualty Insurance Company sued for a declaratory judgment that it had met its obligations under a fire policy issued to Boardwalk Apartments.  Boardwalk counterclaimed for indemnity proceeds.  Boardwalk also sued The Sloan Agency (Sloan), the independent insurance agency that secured the policy for Boardwalk.

The district court granted summary judgment to Sloan, ruling it did not have an expanded agency relationship with Boardwalk.  The district court granted partial summary judgment to Boardwalk on its counterclaim against State Auto, ruling Boardwalk has a right to replace one building and repair another building in the apartment complex.  State Auto was, however, granted partial summary judgment, based on the district court's reasoning that Kansas's Valued Policy Statute did not apply to Boardwalk's loss, the coinsurance provision did apply to reduce Boardwalk's recovery, the term "value" in the policy means "actual cash value," and certain policy provisions (excluding reimbursement for extra costs incurred by the insured to comply with laws or ordinances) were not void against public policy.  The district court found that Boardwalk was not entitled to attorney fees under Kansas law because State Auto had not yet breached the contract.

Boardwalk appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part and reverses in part.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

I.


Boardwalk, a Kansas limited liability company, owned a complex of eight apartment buildings and a storage building in Lawrence, Kansas. Buildings 1 and 4 are the subjects of this litigation. The complex was built in 1963. In 1994, a bank loan appraisal showed a projected replacement cost of $7,560,029. Terrace Management Services, LLC, manages the complex. The Boardwalk-Terrace management agreement provided that insurance coverage would be procured on an annual basis and in such amounts as acceptable to the owner. Terrace directed Sloan, a Missouri corporation, to procure 100% replacement insurance for the complex. Richard Moseley (Terrace's president) and David Moseley (his son, and the Sloan agent working on the policy) reviewed the coverage limits annually. Richard Sloan, a principal of Sloan, also was involved with Terrace's transactions for Boardwalk.


Before the 1996-97 insurance term, Sloan received four pages of the 1994 bank loan appraisal, not including the replacement-cost figure. There is no evidence Sloan ever received the replacement-cost figure. The information provided Sloan did not include square footage of certain areas of the complex (balconies, breezeways and the pool house). Each renewal included a 4 percent inflation increase in the coverage amount. For years, Terrace, through Sloan, arranged Boardwalk's insurance from different companies, first acquiring it from State Auto for the 2004-05 term. The 2004 application to State Auto reflected a value of $2.1 million for Building 1. For the 2004-05 policy, the Statement of Values given State Auto provided $6.93 million as the aggregate replacement-cost valuation for whole complex. State Auto, through Terrace, renewed Boardwalk's insurance coverage through 2005-06. The 2005-06 policy renewal was to continue the "blanket" replacement-cost coverage feature. State Auto charged Boardwalk an additional premium for blanket coverage.


On October 7, 2005, fire destroyed Building 1, an apartment building, and partially damaged Building 4, the storage building. The 2005-06 policy provided an

aggregate coverage limit of $7,207,200, with a 4 percent inflation guard. Building 1's value of $2.1 million was reflected only on the Statement of Values. On January 20, 2006, a State Auto adjuster estimated the replacement cost of Building 1 as $4,091,054.78, and the replacement cost for the whole complex as $14,690,321.04.

State Auto argues its maximum exposure to loss for Building 1 is $2,240,124.17 (including demolition, cleanup costs and business interruption), as limited by Kansas's Valued Policy Law. State Auto paid Boardwalk this amount. Boardwalk asserts it is entitled to the coverage limit for the blanket policy, $7,387,000 (including the 4 percent inflation guard).

In this diversity case, a federal court applies the state law as declared by the legislature or highest court. ***Erie R.R. Co. v. Tompkins***, 304 U. S. 64, 78 (1938).

The standard of review for summary judgment is de novo. ***Menz v.New Holland N. Am., Inc.***, 507 F.3d 1107, 1110 (8th Cir. 2007). The district court will be affirmed if there are no material issues of fact and the prevailing party is entitled to judgment as a matter of law. ***Peitzmeier v. Hennessy Indus., Inc.***, 97 F.3d 293, 298 (8th Cir. 1996).

II.

Boardwalk appeals the grant of summary judgment to Sloan. Boardwalk and Sloan agree that the insurance agent's duty is governed by Missouri law, which imposes a general duty on an agent to use reasonable care and diligence. ***Hall v. Charlton***, 447 S.W.2d 5, 9 (Mo. Ct. App. 1969). Boardwalk argues that, in this case, this general duty of an insurance agent is expanded because of a special relationship or expanded agency agreement between the parties. Boardwalk relies on conversations regarding "100% replacement cost coverage." The parties agree that

Boardwalk requested Sloan procure 100 percent replacement-cost coverage but never designated a specific amount.

Boardwalk invokes *Hall,* where an agent assured the insured that an insurance policy covered flights to Alaska. *Id.* The policy, however, specifically excluded coverage in Alaska. *Id.* at 7. The agent completed the application for the policy. *Id.* at 8-9. The application asked if coverage for Alaska was requested. *Id.* The agent checked "no" in response. *Id.* The insured received the policy but never read it. *Id.* at 7-9. The insured said he could not understand insurance policies, so he always sought out someone skilled in the insurance business. *Id.* at 7, 9. The Missouri court held that under these circumstances (1) the insured's failure to read was not grounds for estoppel, and (2) it is reasonable for the principal to rely on the insurance agent for negligent failure to procure insurance. *Id.* at 9.

The *Hall* case is distinguishable. The agent there was the person who completed the application form, marking "no" about coverage in Alaska. *Id.* at 8-9. The agent, knowing that the insured was relying on him, could have reviewed the policy to determine coverage in Alaska, and then told the insured that Alaskan flights were not covered. Here, all parties understood that the policy had replacement coverage; only the coverage limit is at issue.

Boardwalk did not review the 2005-06 policy after receiving it. In Missouri, an insured has a duty promptly to examine its policy. ***Jenkad Enters., Inc. v. Transp. Ins. Co.***, 18 S.W.3d 34, 38 (Mo. Ct. App. 2000). *See also **Secura Ins. v. Saunders***, 227 F.3d 1077, 1081 (8th Cir. 2000) (court relied on the obligation-to-examine as an alternative reason to affirm district court). *But see **American States Ins. Co. v. Boycom Cable Vision, Inc.***, 336 F. Supp. 2d 950, 954 (E.D. Mo. 2004) (an agent is the agent of the insured when he is told to shop around for insurance among multiple companies; the court did not discuss expanded agency). Boardwalk did not review the

coverage limits and admits if it had reviewed the policy, that it would have recognized the amount was inadequate.

Missouri requires an insurance broker or agent to perform with reasonable care and diligence. *Hall*, 447 S.W.2d at 9; *Manzella v. Gilbert-Magill Co.*, 965 S.W.2d 221, 225 (Mo. Ct. App. 1998). In *Manzella*, the insured sought insurance coverage for a delicatessen through an insurance agent. *Id.* at 222. The insured did not provide a coverage amount to the agent. *Id.* Throughout, the agent made several mistaken representations to the insured about the exact coverage amount. *Id.* at 222-23. The deli suffered a fire; insurance coverage was insufficient. *Id.* at 223. After a jury verdict for the insured, the agent received a judgment notwithstanding the verdict because Missouri law does not require an insurance agent to appraise and evaluate its customers' businesses. *Id.* at 224. Affirming, the appellate court in *Manzella* addresses the possibility of an expanded agency relationship resulting in an expanded duty, but states "no Missouri cases have adopted the expanded agency agreement concept." *Id.* at 228.

Boardwalk tries to distinguish *Manzella,* citing decisions from other states. *See, e.g., Free v. Republic Ins. Co.*, 11 Cal. Rptr. 2d 296, 297-98 (Ct. App. 1992) (agent assumed special duty by responses to homeowner's annual inquiries about "sufficient coverage to rebuild the property"). Boardwalk claims *Free* is "just like" the present case. To the contrary, *Free* applies California law, concerns an individual homeowner, and is not applicable on this issue governed by Missouri law.

In Missouri, an insurance agent does not have an affirmative duty to advise insureds of their insurance needs. *See Blevins v. State Farm Fire & Cas. Co.*, 961 S.W.2d 946, 951(Mo. Ct. App. 1998). Sloan did secure "100% replacement cost" coverage – the type of insurance Boardwalk requested. Boardwalk never specified particular limits of coverage. It is the responsibility of the insured to advise the agent not only of the type of insurance, but also "the limits of that coverage." *Manzella*,

965 S.W.2d at 228. The district court was correct that under Missouri Law, there was no special relationship or expanded agreement with Boardwalk that transformed Sloan's general duty into an expanded duty.

## III.

Boardwalk appeals the decision of the district court granting summary judgment to State Auto on several points.

## A.

The parties agree that Kansas law applies to their contract for insurance. They disagree whether the Kansas Valued Policy Law applies. This law provides that if a fire policy insures improvements and "the property shall be wholly destroyed," the amount of insurance written in the policy shall be taken conclusively to be the value of the property, and the amount of loss. **Kan. Stat. Ann. § 40-905.**

The parties do not dispute that the policy was a blanket policy for $7.3 million. *See* **44 C.J. S.** *Insurance* **§ 21 ( 2008)** (a blanket policy is written upon a risk as a whole and each item described in the policy is covered by the whole amount of the policy). Boardwalk asserts it is entitled to the $7.3 million because the Kansas Valued Policy Law provides that for any wholly destroyed part of the complex, the insured amount is the full value of a policy. The Kansas Valued Policy Law has no express exception for blanket policies. However, *Kinzer v. Nat'l Mut. Ins. Ass'n*, 127 P. 762, 763 (Kan. 1912), holds that where one building in a group of buildings is destroyed, the Kansas Valued Policy Law does not apply. The district court correctly followed *Kinzer*, ruling that all of the buildings in the complex must be wholly destroyed before the Valued Policy Law applies.

State Auto asserts that its liability is limited to $2.1 million, as listed in the Statement of Value submitted with the 2004 application. The construction and effect of insurance contracts is a matter of law. *Scott v. Keever*, 512 P.2d 346, 348-49 (Kan. 1973). "As a general rule, exceptions, limitations, and exclusions to insurance policies are narrowly construed." *Marshall v. Kan. Med. Mut. Ins. Co.*, 73 P.3d 120, 130 (Kan. 2003). Kansas law requires the intent to incorporate a document into an insurance policy must be clearly stated. *See Van Enters., Inc. v. Avemco Ins. Co.*, 231 F. Supp.2d 1071, 1080-81 (D. Kan. 2002). Boardwalk's policy with State Auto did not reference or incorporate the Statement of Values. The district court properly ruled that State Auto's liability was not limited to the valuation sheet value of $2.1 million.

## B.

Because the Valued Policy Law does not apply, the coinsurance provision of the policy does. Coinsurance divides the risk between insurer and insured. *Wenrich v. Employers Mut. Ins. Cos.*, 132 P.3d 970, 975 (Kan. Ct. App. 2006), *citing* **15 Couch on Insurance § 220:3 (3d ed. 2005)**. The parties dispute the construction of the coinsurance provision. Generally, the interpretation of an insurance contract is a question of law. *American Media, Inc. v. Home Indem. Co.*, 658 P.2d 1015, 1018 (Kan. 1983). Boardwalk appeals the district court's ruling that the term "value" in the coinsurance provision means "replacement cost."

The policy provides that if a coinsurance percentage appears in the declarations, the amount of loss State Auto pays is limited if the full amount of the loss, multiplied by the coinsurance percentage, exceeds the limit of insurance for the property. The declarations page lists the coinsurance percentage as 100 percent. By the policy, State Auto determines the most it would pay by using four steps specifically set out in the policy, which are based on the "value" of the covered property. "Value" is not defined in this section of the policy. Boardwalk asserts that "value" means, in this

section, actual cash value. State Auto counters that the term "value" for coinsurance means replacement cost.

The district court determined that the term "value" in the coinsurance provision means replacement cost. It also found that if the property was underinsured, the coinsurance provision applies. Kansas courts enforce limitations of liability. *Wenrich*, 132 P.3d at 975. *Wenrich* addressed the same language as in the State Auto policy, finding it not ambiguous. *Id.* Boardwalk alleges that *Wenrich* is simply wrong. Instead, it asserts the policy is ambiguous and thus should be interpreted in its favor as the insured. *See American Media*, 658 P.2d at 1019 (Insurance company prepares the contracts and has a duty to make the meaning clear. If it fails to do so, the insurer must suffer, not the insured.)

The threshold question is whether this part of the policy is ambiguous. On page 11 of the policy, appears Section **E**, "Loss Conditions." Subsection 7 of Section **E** says:

> 7. Valuation
>    We will determine the value of Covered Property in the event of loss or damage as follows:
>    a. At actual cash value as of the time of loss or damage . . . .

Also on page 11 of the policy, appears Section **F**, "Additional Conditions." Subsection 1 of Section **F**, entitled "Coinsurance," details when and how coinsurance applies. Subsection 1 of Section **F** provides:

> 1. Coinsurance
>     If a Coinsurance is shown in the Declarations, the following condition applies.
>      a. We will not pay the full amount of any loss if the value of the

Covered Property at the time of the loss [,] times the coinsurance percentage shown for it in the Declarations[,] is greater than the Limit of Insurance for the property.

On page 13 of the policy appears Section **G**, "Optional Coverages." Subsection 3.a. of Section **G** provides:

3. Replacement Cost
   a.  Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Loss Condition, Valuation of this coverage Form.

The policy does not use the term "replacement cost (without deduction for depreciation)" in the coinsurance provision. Boardwalk asserts this failure makes the contract ambiguous. Boardwalk further argues that if Section F.1. is not ambiguous, the replacement-cost language simply is not incorporated into the coinsurance provision.

This same coinsurance provision was addressed in *Wenrich*. The *Wenrich* court held that there is no ambiguity in the contract because the replacement cost coverage is "inherently incorporated" into the coinsurance provisions. **Wenrich**, 132 P.3d at 975. The district court correctly followed Kansas law.

C.

Boardwalk attacks the policy provisions that limit coverage for the cost of repair or replacement in order to comply with an ordinance. Policy subsections E.4.b., E.7.b., and G.3.f. provide that State Auto will not reimburse any replacement cost attributable to enforcement of an ordinance or law. Terms and limitations of an insurance policy are enforceable unless they violate public policy or conflict with statutes. **House v. American Family Mut. Ins. Co.**, 837 P.2d 391, 397 (Kan. 1992). Insurance provisions limiting liability for building code requirements may be

unenforceable under Kansas law (void as against public policy). *Unified School Dist. No. 285 v. St. Paul Fire & Marine Ins. Co.*, 627 P.2d 1147, 1153-54 (Kan. Ct. App. 1981), *overruled in part by Thomas v. Am. Family Mut. Ins. Co.*, 666 P.2d 676 (Kan. 1983). The *Unified School* case involved a replacement-cost policy, directly addressed clauses limiting an insurer's liability for building code requirements, and reviewed the annotation at 90 A.L.R. 2d 790 (acknowledging the split of authorities). *Id. citing* **D.E. Evins, Annotation**, *Insurer's Liability as Affected by Refusal of Public Authorities to Permit Reconstruction of Repair After Fire*, **90 A.L.R. 2d 790 (Supp. 2008)**. The *Unified School* court then found more persuasive the authorities invalidating such provisions. *Unified School*, 627 P.2d at 1154 *citing, e.g.*, *Stahlberg v. Travelers Indem. Co.*, 568 S.W.2d 79 (Mo. Ct. App. 1978).

The district court determined that most courts distinguish between partial loss and total loss under valued policy statutes. *See* **90 A.L.R. 2d** at 796; *Stahlberg*, 568 S.W.2d at 85 & n.7; *Cohen Furniture Co. v. St. Paul Ins. Co. of Ill.*, 573 N.E. 2d 851, 854 (Ill. App. Ct. 1991). It determined that limiting provisions are void when the loss is total under Kansas Statutes Annotated § 40-905. The district court found that the Boardwalk fire resulted in a partial loss under Kansas Statutes Annotated § 40-905(a)(1), and thus Kansas law did not void the policy provisions in this case.

The district court ignored the direct statements in *Unified School* invalidating building-code limitations, whether the loss is total or partial. The *Unified School* case is neither a total-loss nor partial-loss case; the court there observes that "the record does not contain substantial competent evidence to support the trial court's finding that plaintiff suffered a 'total loss'" and that "the amount of plaintiff's loss cannot be accurately determined". *Unified School,* 627 P.2d at 1150, 1152.

Whether or not the case involves total or partial loss, the *Unified School* court holds that

> defendants [insurance companies] are liable, *up to* the limits of coverage, for the cost of plaintiff's necessary repairs, including any added costs in making those repairs occasioned by Code requirements.

*Id.* at 1154 (emphasis added). Directly addressing the building-code limitations, the *Unified School* court decides that those cases "holding such limitations unenforceable are the more persuasive." *Id.*

The district court relied on *Unified School's* citation of a Missouri appellate case, *Stahlberg*, 568 S.W.2d at 85 & n.7. The citation to *Stahlberg* must be interpreted in the context of the Kansas court's statements (quoted above) immediately before the citation. The district court should have ruled that the limitations provision was void against public policy under Kansas law. The district court's decision on this issue is reversed.

D.

Boardwalk asserts a claim for vexatious refusal to pay under Missouri law. State Auto responds that Kansas law applies to this claim, stressing that even if Missouri law applies, Boardwalk could not recover because State Auto has not "refused to pay." The company has paid $2.2 million – which it alleges is more than it owes under the policy.

Boardwalk asserts Missouri law governs this claim, alleging it is the state with the most significant relationship to issues of non-performance of the insurance contract. Matters regarding the performance of a contract are governed by the law of the place of performance. *Scudder v. Union Nat'l Bank*, 91 U.S. 406, 413 (1875). Boardwalk argues that the Missouri vexatious-refusal statute concerns a performance

issue. ***Thompson v. Traders' Ins. Co. of Chicago***, 68 S.W. 889, 893 (Mo. 1902), *overruled on other grounds by* ***Alexander v. Chicago, Milwaukee& St. Paul Ry. Co.***, 221 S.W. 712 (Mo. 1920); ***Martin v. Mut. Life Ins. Co. of N.Y.***, 176 S.W. 266, 269 (Mo. Ct. App. 1915). However, these cases were decided before Missouri adopted sections 188 and 193 of the Restatement (Second) of Conflict of Laws. ***Viacom, Inc. v. Transit Cas. Co.***, 138 S.W.3d 723, 724-25 (Mo. 2004) (per curiam). Section 188 provides that the governing law for insurance contracts is the state with the most significant relationship to the transactions. ***Id.*** Section 193 says that the validity and rights created under a contract are determined by the state which was the principal location of the insured risk, unless another state has a more significant relationship. ***Id.*** *See also* ***Brown v. Home Ins. Co.***, 176 F.3d 1102, 1106 (8th Cir. 1999).

The parties agree that Kansas law governs the insurance policy itself. Kansas is the principal location of the insured risk, the state of incorporation of the insured, and its principal place of business. Applying Restatement sections 188 and 193 here, Kansas law governs any dispute about vexatious refusal to pay under this insurance contract. The district court rightly rejected Boardwalk's claim for vexatious refusal to pay because Missouri law does not apply.

E.

Boardwalk also seeks attorney fees under Kansas Statutes Annotated § 40-908. The district court did not award any fees or retain jurisdiction over this issue. Section 40-908 mandates attorney fees where judgment is rendered against an insurance company on a fire policy covering property in Kansas. Section 40-908 provides that to recover attorney fees the insured must obtain a judgment exceeding the amount tendered by the company before suit. State Auto argues it has already paid $2.2 million, asserting this exceeds its obligation. Boardwalk responds that it stands to recover more than this amount.

State Auto admits that the policy provides replacement coverage. Boardwalk is entitled to replacement costs if it elects to replace the property within 180 days of the loss. Replacement is a precondition to recovery here. *See **Burchett v. Kan. Mut. Ins. Co.***, 48 P.3d 1290, 1292 (Kan. Ct. App. 2002). Boardwalk requested that the district court declare it could replace the property even though a substantial period of time has elapsed since the fire. Because State Auto sued before the 180-day period ran, the district court ruled that Boardwalk has the right to replace Building 1 within a timely manner after the current litigation ends.

Pursuant to section 40-908, fees are granted when recovery exceeds the amount tendered. *See **State Farm Fire & Cas. Co. v. Liggett***, 689 P.2d 1187, 1193-94 (Kan. 1984). If Boardwalk obtains a judgment that qualifies it to receive attorney fees, section 40-908 applies. The district court correctly ruled on attorney fees.

## IV.

The judgment is affirmed in part, reversed in part, and the case remanded for further proceedings consistent with this opinion.

_____