# United States Court of Appeals
### For the Eighth Circuit

---

No. 18-2618

---

Norwood-Redfield Apartments Limited Partnership

*Plaintiff - Appellant*

v.

American Family Mutual Insurance Company, a Wisconsin corporation

*Defendant - Appellee*

---

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

---

Submitted: April 17, 2019
Filed: May 16, 2019
[Unpublished]

---

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

---

PER CURIAM.

Norwood-Redfield Apartments Limited Partnership (Norwood) owns an apartment complex consisting of thirty-two buildings. A December 2010 fire destroyed one building and damaged two others. American Family Mutual Insurance Company (American Family) insured the complex under a business owners' insurance policy and paid Norwood $2,897,896.90 for its loss. Norwood filed suit in Missouri

state court, alleging breach of contract and vexatious refusal to pay a claim. Norwood claimed that it was entitled to receive the policy limit of $31,773,600 because it had suffered a "total loss of the property insured" within the meaning of the Missouri valued policy statute. See Mo. Rev. Stat. § 379.140. Following American Family's removal of the case, the federal district court[1] rejected that argument and granted American Family's motion for partial summary judgment. Final judgment was thereafter entered, and Norwood now appeals. Having reviewed the partial summary judgment determination *de novo*, we affirm. See State Auto Prop. & Cas. Ins. Co. v. Boardwalk Apartments, L.C., 572 F.3d 511, 514 (8th Cir. 2009) (standard of review).

Under the Missouri valued policy statute, a policy that insures against loss or damage by fire precludes the insurer from disputing that "the property insured" was worth the full amount of the policy at the time the insurer issued the policy. Mo. Rev. Stat. § 379.140. When the insured suffers a "total loss of the property insured, the measure of damage shall be the amount for which the same was insured," less any depreciation proved by the insurer. Id.; see Wells v. Mo. Prop. Ins. Placement Facility, 653 S.W.2d 207, 210 (Mo. 1983).

Norwood argues that it suffered a "total loss of the property insured" because one of its buildings was completely destroyed. Norwood argues that "total loss" refers to how badly the building was damaged, not to how many buildings were damaged. Norwood claims that the following language from the policy declarations establishes that American Family valued each building at $31,773,600:

| COVERAGE | LIMIT OF INSURANCE | PREMIUM |
|---|---|---|
| BUILDING - Blanket REPLACEMENT COST | $31,773,600 | $81,674.00 |

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, now retired.

According to Norwood's reading, the Missouri valued policy statute disallows American Family from disputing the policy's valuation of each "BUILDING" and requires American Family to pay $31,773,600 for Norwood's "total loss."

We conclude that "the property insured" is the thirty-two building complex and not each building in the complex. The first page of the policy declarations describes the insurance coverage as "blanket insurance at the following described premises" and thereafter describes thirty-two premises, each consisting of one building. The policy's blanket coverage endorsement explains that "the Limit of Insurance shown in the Declarations applies to all the premises described in the Declarations for that coverage," meaning that American Family would pay no more than $31,773,600 for loss or damage to the thirty-two buildings. Norwood does not dispute that the policy insured the entire thirty-two building complex.

Because fire destroyed only one building in the thirty-two building complex, Norwood did not suffer a "total loss of the property insured," and thus the Missouri valued policy statute does not require American Family to pay the full policy amount. See Stevens v. Norwich Union Fire Ins. Co., 96 S.W. 684, 689 (Mo. Ct. App. 1906) (holding that there was not a "total loss" of insured household goods where $100 of goods were saved and $800 of goods were destroyed by fire); see also Federated Mut. Ins. Co. v. Moody Station & Grocery, 821 F.3d 973, 978-79 (8th Cir. 2016) (concluding that a fire that damaged insured's convenience store did not result in a "total loss" because "undamaged structures"—namely, a carport, sign, and shed—were covered by the policy); Boardwalk Apartments, 572 F.3d at 516 (explaining that the Kansas valued policy statute applies if "the property shall be wholly destroyed" and that a property is not wholly destroyed "where one building in a group of buildings is destroyed").

The judgment is affirmed.

_____

-3-