TINA HUDSON, a Minor, by Essie Hudson, her Mother and Next Friend, Plaintiff-Appellee, *v.* SAFEWAY INSURANCE COMPANY, Defendant-Appellant.

First District (4th Division)    No. 81-1407

Opinion filed May 6, 1982.

Parrillo, Weiss & Moss, of Chicago (David J. Weiss, of counsel), for appellant.

Reese and Schaffner, of Chicago (Fred Rabinowitz, of counsel), for appellee.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Tina Hudson, filed a petition to compel arbitration under the uninsured motorist provisions of her father's insurance policy. On May 27, 1981, the trial court held that defendant, Safeway Insurance Company (Safeway), had waived the right to have the arbitration panel hear an issue that was decided on January 27, 1981. The sole issue raised by this appeal is whether the trial court erred in entering the order of May 27, 1981.

We affirm.

On June 10, 1978, plaintiff was struck by a car. Her father, James Hudson, was a policyholder with defendant Safeway at that time, and his policy covered members of his household. The arbitration clause of the policy provided as follows:

> "Arbitration. If any person making claim hereunder and the company do not agree that both the vehicle(s) and the driver(s) of the vehicle(s) with which any person making claim has had an accident, were not covered by liability insurance at the time of the accident, or do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then these matters shall be submitted to arbitration, and after those making claim have complied with the applicable conditions of this policy, each party shall, upon written demand of either, select an arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 60 days, then upon request of the insured or the company such third arbitrator shall be selected by a judge or a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company. Unless the parties otherwise agree, the arbitration shall be conducted in the county and state in which the insured resides and in accordance with the usual rules governing procedure and admission of evidence in courts of law of that county."

On September 26, 1979, plaintiff filed a petition to compel arbitration and prayed to have defendant name a second arbitrator and to have the court name a third. On January 27, 1981, a hearing was held on the petition. The trial court stated:

> "THE COURT: Let's agree, then, between the parties that the issue before the Court will be whether or not the plaintiff pedestrian was in fact struck by an uninsured vehicle.

MR. O'HALLORAN [defendant's attorney]: That is correct."

Essie Lee Hudson, plaintiff's mother, testified that after the accident she talked to Leroy Williams, the motorist who struck her daughter. Williams told her that he had no insurance. At the conclusion of the hearing, the trial court found satisfactory the evidence that plaintiff was struck by an uninsured motorist and that she was entitled to coverage under her father's insurance policy. The court ordered the appointment of arbitrators.

On May 14, 1981, defendant claimed the arbitration panel should decide whether the person who struck plaintiff was insured. Plaintiff claimed the only issue for arbitration was liability and damages. At a hearing on May 27, 1981, the trial court found that defendant had waived the issue of whether the motorist was uninsured by proceeding to trial on that issue and entered an order that the arbitration proceed. Defendant appeals that order.

Defendant contends it should be able to avoid the consequences of its stipulation at the January 27, 1981, hearing because there was a mutual mistake of fact. According to defendant, the parties and the judge forgot that the pleadings contained an insurance policy provision which submitted to arbitration the issue of the motorist's uninsured status. Plaintiff's petition alleged the following policy in regard to arbitration:

> "If any person making a claim hereunder and the company does not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator."

Defendant's amended answer included the following provision:

> "If any person making claim hereunder and the company do not agree that both the vehicle(s) and the driver(s) of the vehicle(s) with which any person making claim has had an accident, were not covered by liability insurance at the time of the accident, or do not agree that such person is legally entitled to recover damages * * * or do not agree as to the amount payable hereunder, then these matters shall be submitted to arbitration * * *."

Thus, the provisions in defendant's amended answer provided for arbitration of the issue of whether the motorist was insured, whether the injured party is entitled to recover, and the amount of damages.

Defendant cites *Hakala v. Illinois Dodge City Corp.* (1978), 64 Ill. App. 3d 114, 380 N.E.2d 1177, for the proposition that parties can avoid the consequences of their acts if the act was based upon mutual mistake. However, this case was concerned with the rescission of a contract and not concerned with stipulations made by counsel at trial. Parties are

bound by their stipulations unless such stipulations are shown to be unreasonable, the result of fraud or violative of public policy. (*In re Marriage of Sanborn* (1979), 78 Ill. App. 3d 146, 149, 396 N.E.2d 1192, 1195.) In *Sanborn,* the court held that respondent's stipulation was valid even though he was mistaken as to the stipulated value of the marital residence. 78 Ill. App. 3d 146, 150.

In the instant case, defendant's attorney drafted the motion informing the court of the incorrect policy provision. Defendant introduced no evidence showing that the parties were unaware of the change in pleadings, nor did defendant show that the stipulation was unreasonable, fraudulent or violative of public policy. We hold, therefore, that defendant is bound by its January 27, 1981, stipulation and that it waived any right to have the arbitration panel decide the issue of the motorist's insured status.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI and LINN, JJ., concur.