LESLIE H. ALLOTT PLUMBING AND HEATING, INC., Plaintiff-Appellant, *v.* OWENS—CORNING FIBERGLAS, Defendant-Appellee.

Third District   No. 82—502

Opinion filed January 26, 1983.

Anthony H. Hart, of Bloomington, for appellant.

Stephen R. Swofford and John A. Sandberg, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The plaintiff, Leslie H. Allott Plumbing and Heating, Inc., filed a complaint against the defendant, Owens-Corning Fiberglas, a corporation, seeking money damages based on an alleged breach of contract. Following a jury trial, judgment was entered for the defendant and against the plaintiff.

The plaintiff, who failed to file a post-trial motion, brought this appeal seeking a reversal of the lower court's judgment on the grounds that the jury's verdict was not supported by the manifest weight of the evidence.

Section 2—1202(b) of the Illinois Code of Civil Procedure, formerly section 68.1 of the Civil Practice Act, requires that requests for a new trial must be sought in a single post-trial motion. The post-trial motion must state the points relied upon and the relief desired. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1202(b), formerly Ill. Rev. Stat. 1979, ch. 110, par. 68.1.) Supreme Court Rule 366(b)(2)(iii) limits the scope of review in civil jury cases to the points, grounds and relief specified in the post-trial motion. 87 Ill. 2d R. 366(b)(2)(iii).

The plaintiff's failure to file a post-trial motion has resulted in a waiver of the issue it now seeks to raise on appeal. Before we can be asked to assess the propriety of the jury's verdict, the trial judge, who is most familiar with the evidence and the witnesses, must be given an opportunity to review his ruling and decide if a new trial or a judgment notwithstanding the verdict is appropriate. (*Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 415 N.E.2d 337.) The plaintiff's failure to file a post-trial motion has denied the trial judge the opportunity to reassess his decision.

For the foregoing reasons, this appeal is dismissed.

Appeal dismissed.

SCOTT and HEIPLE, JJ., concur.