MILDRED M. HIGGINBOTHAM, Plaintiff-Appellant, v. AMERICAN FAMILY INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—85—0512

Opinion filed May 14, 1986.

Chester C. Fuller, of Peoria, for appellant.

Nicholas J. Bertschy and Duncan B. Cooper III, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Mildred M. Higginbotham, brought this action in the circuit court of Peoria County seeking to recover proceeds of an insurance policy issued by the defendant, American Family Insurance Company. A circuit court jury returned a verdict for the plaintiff in the amount of $34,405. In granting a post-trial motion filed by the defendant, the circuit judge reduced the jury's award to $22,936. The plaintiff appeals from that judgment order awarding post-trial relief, but not from orders disposing of other counts in the multi-count complaint. Any errors arising from the disposition of those other counts is, therefore, waived as a ground of appeal. *Leslie H. Allott Plumbing & Heating, Inc. v. Owens-Corning Fiberglas* (1983), 112 Ill. App. 3d 136, 444 N.E.2d 1390.

The plaintiff was the owner of a home located in Pekin, and on August 13, 1982, she sold the home on a contract for deed to Thomas and Joyce Bowman. The contract required the purchasers, the Bowmans, to keep the home insured for fire and other perils, and required that the policy of insurance include the plaintiff as a named insured. The Bowmans complied with the provisions of the contract by securing a policy of insurance with the defendant.

On December 24, 1982, a fire occurred at the home in Pekin which caused damage to the premises. Thereafter, on January 31, 1983, the defendant issued a check for $33,670 payable to the plaintiff, the Bowmans and a building contractor hired by the Bowmans to repair the fire damage. Thomas and Joyce Bowman endorsed the

check, but subsequently moved out of State and abandoned the home in question.

After the abandonment by the Bowmans, the plaintiff obtained her own contractor and sought to have the insurance check reissued omitting the names of Thomas and Joyce Bowman as payees. The defendant refused to reissue a check which omitted two of the named insureds. Being without personal funds to finance the repairs, rebuilding of the Pekin home was never completed. Subsequently, the instant suit was filed.

Prior to the jury trial in this matter, it was stipulated that plaintiff's contractor estimated the replacement cost of repairs to the home to be $36,375, while defendant's contractor estimated the replacement cost of the same repairs to be $33,670. Further, both parties agreed that the home was repairable and not fully destroyed. Based on this and other evidence, the jury panel returned a verdict for the plaintiff in the sum of $34,405.

In a post-trial motion filed by the defendant, it was urged that the award of the jury was in excess of the amount allowed under the insurance contract. The policy provides that the amount payable in the event of loss shall be the replacement cost, *i.e.*, the full cost to repair or replace the damaged property without deducting for depreciation, if actual repairs are made. If repair or replacement are not to be made, the policy only allows recovery of the actual cash value, a measure of recovery which takes into account the depreciated value of the damaged residence. Since it was undisputed that the repair work had not been completed, the circuit judge reduced the amount of the judgment to $26,936, the actual cash value of the home according to further stipulations between the parties.

■ The plaintiff correctly asserts that a jury's verdict should not be set aside where there is sufficient credible evidence to support it, and where a loss payable provision in an insurance contract is ambiguous, that ambiguity should be construed most strongly against the person who prepared the contract. However, we find no ambiguity in the language of the instant policy of insurance. The contract provides:

> "A replacement cost settlement will not be made unless actual repairs or replacement are completed."

We find no ambiguity in this contract language. Indeed, the Illinois Appellate Court recently construed similar contract language and found the policy "clear and unambiguous." (*National Tea Co. v. Commerce & Industry Insurance Co.* (1983), 119 Ill. App. 3d 195, 201, 456 N.E.2d 206.) The same court found "nothing in the language

which indicates that it is sufficient that the owners intended to repair or replace the structure ***." (119 Ill. App. 3d 195, 201, 456 N.E.2d 206.) Accordingly, we concur with the defendant in holding that the circuit court correctly interpreted the clear language of the policy of insurance as providing for replacement cost coverage only if actual repairs were completed.

■ The plaintiff also contends that testimony offered at trial by an insurance adjuster is sufficient to support the jury's award even if the measure of loss is actual cash value rather than replacement cost. Without considering the merits of such a contention, we note that the parties stipulated the formula for determining actual cash value, including the percentage of annual depreciation and the age of the damaged home. In ruling on the post-trial motion, the circuit court utilized the stipulated formula. The plaintiff is bound by the consequences of her stipulation unless such stipulation is unreasonable, the result of fraud, or violative of public policy. (*Hudson v. Safeway Insurance Co.* (1982), 106 Ill. App. 3d 391, 435 N.E.2d 1255.) None of the factors which would relieve the plaintiff from the binding effect of her stipulation are present here.

■ In oral argument before this court, leave was granted for both parties to file supplemental authorities. Subsequently, defendant moved to strike plaintiff's supplemental authorities as unresponsive to the new issues raised in oral argument. We have considered plaintiff's authorities to the extent they are relevant, and the motion to strike is denied. For the reasons set forth above, and in reliance on the authorities cited, we believe the circuit court of Peoria County properly granted the relief sought in defendant's post-trial motion. Accordingly, that court's judgment order is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.