(48 P.3d 1290)

No. 88,146

STEVE BURCHETT and DIANE BURCHETT, *Appellants*, v. KANSAS MUTUAL INSURANCE COMPANY, *Appellee*.

Opinion filed July 5, 2002.

*W.J. Fitzpatrick*, of Fitzpatrick & Bass, of Independence, for appellants.

*Marc A. Powell*, of Powell, Brewer, Gough & Withers, L.L.P., of Wichita, for appellee.

Before JOHNSON, P.J., LEWIS, J., and JONES, S.J.

JOHNSON, J.: Pursuant to leave granted by this court, Steve and Diane Burchett filed an interlocutory appeal of the denial of their motion for summary judgment. We affirm the district court's denial of summary judgment and remand for further proceedings.

The Burchetts' residence was totally destroyed by fire. Kansas Mutual Insurance Company (Kansas Mutual) insured the structure. Two days before the fire, the Burchetts had raised the residence limit of liability from $25,000 to $70,000 and had converted their "actual cash value" policy to a "replacement cost" policy. For the purpose of this appeal, it is uncontroverted that: (1) the replacement cost of the structure exceeds the limit of liability; (2) the limit of liability was at least 80% of the cost to replace the structure at the time of the loss; (3) the Burchetts will not repair or replace the structure; (4) the actual cash value of the residence at the time of the fire was between $36,000 and $50,000; and (5) K.S.A. 40-905, the Kansas Valued Policy Law, does not apply in this case.

The Burchetts want to collect the $70,000 policy limit; Kansas Mutual wants to pay the actual cash value. The sole issue on appeal is whether the insurance policy allows the Burchetts to recover the replacement cost of their home, up to the policy limit, without the necessity of actually replacing the structure.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. K.S.A. 2001 Supp. 60-256(c). The trial court must resolve all facts and reasonable inferences in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, the adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. The appellate courts apply the same rules. Where reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Halley v. Barnabe*, 271 Kan. 652, 657, 24 P.3d 140 (2001). Additionally, our standard of review on the interpretation of an insurance contract is unlimited. When an insurance contract is not ambiguous, the court will enforce the contract as written. See *Elliott v. Farm Bureau Ins. Co., Inc.*, 26 Kan. App. 2d 790, 793, 995 P.2d 885 (1999), *rev. denied* 269 Kan. 932 (2000).

There are three types of replacement cost provisions in insurance polices, and all three types may appear within the same policy. The first type of provision focuses on the amount of recovery and often restricts the insured's recovery to the smallest of the policy limits, the cost to repair the property, or the amount actually spent to replace the property. The second type of provision states that the insurer will not pay more than actual cash value for the damaged property until the repairs are completed or the property is actually replaced. The third type of provision allows the insured to collect the actual cash value of the destroyed property without prejudicing his or her right to claim additional payment for replacement cost within a specified time period. See Annot., *Construction and Effect of Property Insurance Provision Permitting Recovery of*

*Replacement Cost of Property*, 1 A.L.R.5th 817, 828. Clauses similar to each of these examples are found in paragraphs 3, 4, and 5 of the Burchetts' policy, which reads as follows:

"2.  If the limit of liability on the damaged building is less than 80 percent of its replacement cost at the time of loss, *we* pay the larger of the following (in excess of the deductible):
    a.  actual cash value of the damaged part of the building; or
    b.  that proportion of the replacement cost of the damaged part which *our* limit of liability on the building bears to 80 percent of the full current replacement cost of the building.

"3.  If the limit of liability on the damaged building is at least 80 percent of its replacement cost at the time of the loss, *we* pay the full cost of repair or replacement of the damaged part without deduction for depreciation.
    *We* pay the smallest of the following amounts:
    a.  the limit of liability applicable to the building;
    b.  the cost (in excess of the deductible) to repair or replace the damage on the same premises using materials of equivalent kind and quality, to the extent practicable; or
    c.  the amount (in excess of the deductible) actually and necessarily spent to replace or repair the damage.

"4.  When the cost to repair or replace exceeds the lesser of $1,000 or 5 percent of the applicable limit of liability on the damaged building, *we* are not liable for more than the actual cash value of the loss until actual repair or replacement is completed.

"5.  *You* may make a claim for the actual cash value amount of the loss before repairs are made. A claim for any additional amount payable under this provision must be made within 180 days after the loss."

The Burchetts focus on paragraph 3 of the policy as support for their argument that the company must pay the replacement cost of their dwelling, subject only to the limit of liability. The Burchetts conveniently ignore paragraph 4, which specifically limits the company's liability on large losses to the actual cash value of the loss until actual repair or replacement is completed. Further, paragraph 5 suggests that only an actual cash value claim may be submitted prior to repairs actually being made.

The unambiguous terms of the contract require the insured to actually repair or replace the damaged property before he or she may collect the full replacement cost. If the insured does not repair or replace the damaged property, he or she is only entitled to actual cash value. Almost identical language has been interpreted to con-

dition recovery of replacement cost upon actual repair or replacement. See *Hess v. North Pacific Ins. Co.*, 122 Wash. 2d 180, 182-84, 859 P.2d 586 (1993). Interestingly, the single case upon which the Burchetts rely for support, *National Fire Ins. Co. v. Solomon*, 96 Wash. 2d 763, 638 P.2d 1259 (1982), was harshly criticized by the Washington Supreme Court in *Hess*, and its holding was limited to the facts of that case. *Hess*, 122 Wash. 2d at 189-91. The only other case supporting the Burchetts' position, *Reese v. Northern Ins. Co.*, 207 Pa. Super. 19, 215 A.2d 266 (1965), has also been routinely criticized. See *Hess*, 122 Wash. 2d at 190.

This court and the courts of other jurisdictions when addressing this issue have otherwise unanimously held that actual repair or replacement is a precondition to recovery on a replacement cost policy. See *U.S.D. No. 285 v. St. Paul Fire and Marine Ins. Co.*, 6 Kan. App. 2d 244, 253, 627 P.2d 1147, *rev. denied* 229 Kan. 671 (1981), *overruled in part on other grounds by Thomas v. American Family Mut. Ins. Co.*, 233 Kan. 775, 779, 666 P.2d 676 (1983); see also *Kolls v. Aetna Casualty & Surety Co.*, 503 F.2d 569, 570-71 (8th Cir. 1974) (applying Iowa law); *Snellen v. State Farm Fire & Cas. Co.*, 675 F. Supp. 1064, 1067-68 (W.D. Ky. 1987) (applying Kentucky law); *Miller v. Farm Bureau Town & Country Ins.*, 6 S.W.3d 432, 437-38 (Mo. App. 1999); *Hess*, 122 Wash. 2d at 191-92; *Hilley v. Allstate Ins. Co.*, 562 So. 2d 184, 189-90 (Ala. 1990); *Higginbotham v. American Family Ins. Co.*, 143 Ill. App. 3d 398, 400-01, 493 N.E.2d 373 (1986); *BSF, Inc. v. Cason*, 175 Ga. App. 271, 273-74, 333 S.E.2d 154 (1985).

We affirm the district court's denial of summary judgment and remand for further proceedings.