# Illinois Official Reports

## Appellate Court

---

### *Arient v. Shaik*, 2015 IL App (1st) 133969

---

| | |
|---|---|
| Appellate Court Caption | SCOTT ARIENT, Plaintiff-Appellant, v. NAZEER SHAIK, DR. SHAK'S AND SCOTT'S INC., and SCOTT'S PET SHOP INC., Defendants-Appellees. |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-3969 |
| Filed | June 12, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2011-L-006026; the Hon. Margaret Ann Brennan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Zane D. Smith, of Zane D. Smith & Associates, of Chicago, and S.A. Genson, of Law Office of Sheila A. Genson, Ltd., of Schaumburg, for appellant.<br><br>Thomas E. Patterson and Michael D. Haeberle, both of Patterson Law Firm, LLC, of Chicago, for appellees. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Presiding Justice Palmer and Justice Reyes concurred in the judgment and opinion. |

**OPINION**

¶ 1     In the case at bar, defendant Nazeer Shaik purchased plaintiff Scott Arient's pet shop, and plaintiff remained as an employee. There were three agreements: an employee agreement whereby plaintiff continued to work at the shop; and a purchase agreement, as well as an asset purchase agreement, whereby defendant purchased the shop. In 2011, defendant closed the pet shop and plaintiff sued alleging breach of contract. On November 21, 2013, a jury rendered a verdict against plaintiff on his claims and against defendant on his counterclaims. As a result, the trial court issued an order stating that no monetary award was entered against either party.[1]

¶ 2     On this appeal, plaintiff seeks a new trial and raises one issue. He claims that the trial court abused its discretion when it barred him from admitting certain evidence. In response, defendant claims, among other things, that plaintiff forfeited this issue by failing to file a posttrial motion. The jury verdict and the trial court's order were both entered on November 21, 2013. Less than a month later, plaintiff filed a notice of appeal on December 19, 2013, without first filing a posttrial motion.

¶ 3     For the following reasons, we agree that this issue is forfeited for our consideration.

¶ 4     BACKGROUND

¶ 5     Since we are presented with a purely legal question which requires us to interpret the words of a statute and rule, we provide here only a summary of the facts.

¶ 6     The facts established at trial are that defendant was a longstanding customer of Scott's Pet Shop in Westchester, Illinois, which was owned by plaintiff. On January 17, 2008, defendant purchased the shop. To facilitate the purchase, the parties signed three documents: an employment agreement whereby plaintiff remained as an employee after defendant's purchase; a purchase agreement; and an asset purchase agreement. In June 2009, defendant terminated plaintiff's employment for alleged breaches of the employment agreement. In early 2011, defendant closed the shop and, on June 9, 2011, plaintiff filed this lawsuit.

¶ 7     Plaintiff alleged a breach of both the employment agreement and the purchase agreement, and sought an accounting and other relief. Defendant then alleged two counterclaims for breach of contract and conversion.

¶ 8     On appeal, plaintiff raises only one issue, which is an alleged evidentiary error by the trial court. Plaintiff alleges that the trial court erred by barring him from asking defendant whether Dr. Ghouse,[2] defendant's brother-in-law, took $500 in cash out of the register every night.

¶ 9     The question arose during the following testimony concerning the store's daily deposits:

     "PLAINTIFF'S COUNSEL: And so [plaintiff] would provide *** you [with] a copy of the deposit slip of how much money was deposited that day, together with the

---

[1]The November 21, 2013, order stated: "it is so ordered that: The jury returning a verdict as follows: (1) In favor of Plaintiff and against Defendants; and (2) In favor of Defendants and against Plaintiff; (3) No money award entered versus any Party." Since neither party raised an issue as to whether this order constituted entry of judgment on the verdict, we will treat this order as entering judgment on the verdict.

[2]The transcript does not state a first name for Dr. Ghouse. In addition, although the transcript spells the last name as "Dr. Gaus," defendant in his appellate brief spells his brother-in-law's name as "Dr. Ghouse," so we use that spelling.

printout from the cash register so that you could keep track of the sales, right? You knew what the shop was doing? Right? You have to say yes or right.

DEFENDANT: Yes.

PLAINTIFF'S COUNSEL: And sometimes [plaintiff] would deliver this information to your brother-in-law, and that's Dr. [Ghouse], Dr. [Ghouse]?

DEFENDANT: Dr. [Ghouse].

PLAINTIFF'S COUNSEL: And sometimes [plaintiff] would deliver this information to your brother-in-law; is that right?

DEFENDANT: Yes.

PLAINTIFF'S COUNSEL: Did your brother-in-law ever come to the shop to collect any money?

DEFENDANT: He went to the shop on a daily basis?

PLAINTIFF'S COUNSEL: Dr. [Ghouse]?

DEFENDANT: Yes.

PLAINTIFF'S COUNSEL: And when he went to the shop on a daily basis, did he remove or take cash from the register?

DEFENDANT: Are you implying he steal[s] cash?

PLAINTIFF'S COUNSEL: Not at all. I'm asking you, did Dr. [Ghouse] on a daily basis come in and take cash, remove cash from the cash register?

DEFENDANT: The cash was removed from the register by [plaintiff] and deposited into the bank, and Dr. [Ghouse] used to come and see over [*sic*] if everything is done appropriately, if the sales are correct, if that matches the register. So he was not taking money on his own.

PLAINTIFF'S COUNSEL: Well, in fact, Dr. [Ghouse] would come to the shop and he would take $500 in cash on a daily basis; is that correct?"

¶ 10 Defense counsel then requested a sidebar and objected. At the sidebar, plaintiff's counsel stated:

"PLAINTIFF'S COUNSEL: Let me make an offer of proof. [Plaintiff] is going to–he's going to testify as to three things. He's going to say that he did the deposit slips and he made the deposits. He's going to testify that he had access to the bank account online. Couldn't write checks, but he had access to the bank account online. He will testify that [Ghouse] came on a daily basis, took only $500 in cash. The rest of the cash, whatever was left, [plaintiff] would deposit, and then when he went to the bank[,] the bank deposit did not reflect the $500 cash on a daily basis. This is what [plaintiff] will testify to. Now, if that's his testimony, then I should be allowed to inquire as to whether or not Dr. [Ghouse] took $500 a day in cash and ask him did [he] in fact [know] that $500, was that deposited. Let [defendant] say it was. But I should be able to inquire on that."

¶ 11 The trial court ruled: "What you can't do is make it appear *** that there was some sort of bag man or taking of this money because you're not going to be able to tie it up because Dr. [Ghouse] is not going to testify here." Without Dr. Ghouse, the question was more "prejudicial than probative." The trial court clarified its ruling:

- 3 -

"THE COURT: Just so that we're clear: Can you go into who made the deposit? Yes, you can go into who made the deposit. Was there a register receipt indicating the sales of the day? Yes. You can go into that. You can go into whether Dr. [Ghouse] was present when the till was closed out each night. *** You can't go into whether or not specifically $500 was removed every night by Dr. [Ghouse].

***

PLAINTIFF'S COUNSEL: If I am not allowed to ask whether or not the total receipts match the total deposit of either [defendant] or [plaintiff], I think that's improper.

THE COURT: And you've made your record. My ruling stands."

¶ 12 The appellate record does not indicate either that plaintiff subpoenaed Dr. Ghouse to testify at trial or that there was some other reason for Dr. Ghouse's absence, such as death or illness; and on appeal, plaintiff does not claim that there was either a subpoena or a reason for Dr. Ghouse's absence.

¶ 13 Later during the trial, plaintiff testified as follows about the missing $500 per day:

"PLAINTIFF'S COUNSEL: And did you have any specific instructions about how to make the [daily] deposit?

PLAINTIFF: I was told to deposit everything except for $500 a day.

PLAINTIFF'S COUNSEL: That was [defendant]?

PLAINTIFF: [Defendant] instructed me to do that, yes."

Defense counsel moved for a mistrial, which the trial court denied. The trial court instructed plaintiff's counsel to "mov[e] along pretty quickly away from this line of questioning," but the above testimony was not stricken.

¶ 14 On November 21, 2013, the jury rendered a verdict against plaintiff on his claims and against defendant on his counterclaims, and the trial court issued an order stating that no monetary award was entered against either party. On December 19, 2013, plaintiff filed a notice of appeal, and this appeal followed.

¶ 15                                    ANALYSIS

¶ 16 Plaintiff claims that the trial court abused its discretion by barring him from admitting certain testimony. Defendant claims that plaintiff forfeited this issue by failing to file a posttrial motion. For the following reasons, we agree that this issue is forfeited for our consideration.

¶ 17                              I. Standard of Review

¶ 18 The question before us is whether the Illinois Supreme Court Rules and Code of Civil Procedure require the filing of a posttrial motion in civil jury cases prior to filing an appeal. This is a question of statutory interpretation which we consider *de novo*. *Zurek v. Cook County Officers Electoral Board*, 2014 IL App (1st) 140446, ¶ 11; *Luss v. Village of Forest Park*, 377 Ill. App. 3d 318, 332 (2007) (the proper construction of a statute is a question of law that we review *de novo*). *De novo* consideration means that we perform the same analysis that a trial judge would perform. *Zurek v. Franklin Park Officers Electoral Board*, 2014 IL App (1st) 142618, ¶ 63 (citing *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011)).

¶ 19     "As we do in every case of statutory interpretation, we look first and foremost to the language of the statute itself." *People v. Wright*, 2012 IL App (1st) 073106, ¶ 78 (citing *People v. Cardamone*, 232 Ill. 2d 504, 512 (2009)). "The primary objective of statutory interpretation is to give effect to the intent of the legislature" (*Lacey v. Village of Palatine*, 232 Ill. 2d 349, 361 (2009); *Cardamone*, 232 Ill. 2d at 512) and " '[t]he plain language of the statute is the best indicator of the legislature's intent.' " *Zurek*, 2014 IL App (1st) 142618, ¶ 64 (quoting *Metzger v. DaRosa*, 209 Ill. 2d 30, 34-35 (2004)). " 'When the statute's language is clear, it will be given effect without resort to other aids of statutory construction.' " *Zurek*, 2014 IL App (1st) 142618, ¶ 64 (quoting *Metzger*, 209 Ill. 2d at 35).

¶ 20     We review the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it. *Wright*, 2012 IL App (1st) 073106, ¶ 78 (citing *Cardamone*, 232 Ill. 2d at 512). "Each word, clause and sentence of the statute, if possible, must be given reasonable meaning and not rendered superfluous." *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 280 (2003). In this endeavor, we consider both any stated purpose, as well as what Illinois courts have previously determined. *Zurek*, 2014 IL App (1st) 142618, ¶ 64 (citing *Metzger*, 209 Ill. 2d at 37).

¶ 21                          II. Posttrial Motion in Civil Jury Trials

¶ 22     Defendant argues that both section 2-1202(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1202(e) (West 2012)) and Illinois Supreme Court Rule 366 (eff. Feb. 1, 1994) required plaintiff to raise issues in a posttrial motion before raising those issues on appeal. Below, we quote and analyze the language from the applicable statute and rule, and then set forth the relevant case law.

¶ 23                          A. Code of Civil Procedure

¶ 24     Section 2-1202 governs "[p]ost-trial motions in jury cases," such as the one at bar. 735 ILCS 5/2-1202 (West 2012) (unchanged since July 1, 1982). Section 2-1202 states that posttrial motions in jury cases "must" be filed within 30 days after the entry of judgment, and that the motion "must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief." 735 ILCS 5/2-1202(b), (c) (West 2012).

¶ 25     Section 2-1202(e) specifies what happens if a party in a jury case fails to file a posttrial motion. Subsection (e) states in full:

         "(e) Any party who fails to seek a new trial in his or her post-trial motion, either conditionally or unconditionally, as herein provided, waives the right to apply for a new trial, except in cases in which the jury has failed to reach a verdict." 735 ILCS 5/2-1202(e) (West 2012).

¶ 26     The Code treats nonjury cases very differently. *In re Marriage of Jerome*, 255 Ill. App. 3d 374, 389 (1994); *Malfeo v. Larson*, 208 Ill. App. 3d 418, 422 (1990) (" 'In a non-jury civil case the failure to include a point in a post-trial motion does not preclude its being raised on appeal.' " (quoting *City of Chicago v. Mid-City Laundry Co.*, 8 Ill. App. 3d 88, 90 (1972))). Section 2-1203 governs the filing of posttrial motions in nonjury civil cases, and it states that a party "may" file a posttrial motion within 30 days after the entry of judgment. 735 ILCS 5/2-1203(a) (West 2012). The permissive "may" in section 2-1203 stands in stark contrast to

the "must" used in section 2-1202 (735 ILCS 5/2-1202(c) (West 2012)). The relevant portions of both sections are quoted below, so that they are easy to compare:

> "In all cases tried without a jury, any party *may*, within 30 days after the entry of the judgment *** file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Emphasis added.) 735 ILCS 5/2-1203(a) (West 2012).

> "Post-trial motions *must* be filed [in jury cases] within 30 days after the entry of judgment ***." (Emphasis added.) 735 ILCS 5/2-1202(c) (West 2012).

¶ 27    The two sections also differ in what they require in the motions. Section 2-1203, which governs "non-jury cases," does not specify at all what the motion should contain. 735 ILCS 5/2-1203(a) (West 2012). By comparison, section 2-1202, which governs "jury cases," requires that: "The post-trial motion *must* contain the points relied upon, particularly specifying the grounds in support thereof, and *must* state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief." (Emphases added.) 735 ILCS 5/2-1202(b) (West 2012). See also *In re Marriage of Jerome*, 255 Ill. App. 3d at 389 (section 2-1203 "does not mandate the detail as required by section 2-1202 which applies to jury cases").

¶ 28    Similarly, section 2-1203 says nothing about waiver (735 ILCS 5/2-1203 (West 2012)), while section 2-1202 expressly provides that a party in a jury case, who fails to seek a new trial in a posttrial motion, "waives" the right to seek a new trial later (735 ILCS 5/2-1202(e) (West 2012)). Thus, the plain language of the Code and its separate sections for jury and nonjury cases indicate that the legislature intended different requirements and results for jury and nonjury cases, with the failure to file a posttrial motion resulting in waiver in jury cases but not in nonjury cases.

¶ 29    There are two exceptions when a litigant in a jury case does not have to file a posttrial motion, and neither exception applies in this case. First, section 2-1202(e) provides that a posttrial motion is required in jury cases "except in cases in which the jury has failed to reach a verdict." 735 ILCS 5/2-1202(e) (West 2012). In the case at bar, the jury reached a verdict, so this statutory exception does not apply. Second, interpreting this statutory exception, appellate courts have also carved out an exception for directed verdicts, so that it is also not necessary for a party to file a posttrial motion after the trial court directs a verdict. *Garcia v. Seneca Nursing Home*, 2011 IL App (1st) 103085, ¶ 21 (it is not "necessary to file a posttrial motion following entry of a directed verdict in a jury case in order to preserve issues for appeal" (citing *Keen v. Davis*, 38 Ill. 2d 280, 281 (1967))); *Robbins v. Professional Construction Co.*, 72 Ill. 2d 215, 225 (1978) (observing that the *Keen* exception for directed verdicts is a "narrow exception"). Since both these exceptions do not apply to the case at bar, the plain language of the statute dictates that a party "waives" the right to seek "a new trial" based on issues not raised in a posttrial motion. 735 ILCS 5/2-1202(e) (West 2012).

¶ 30                              B. Supreme Court Rule 366

¶ 31    The same result is also dictated by Supreme Court Rule 366. Subsection (b) of Rule 366 is entitled: "Scope of Review." Ill. S. Ct. R. 366(b) (eff. Feb. 1, 1994). This subsection is divided into three parts: (1) "*General*"; (2) "*Scope and Procedure on Review in Jury Cases*"; and (3) "*Scope and Procedure on Review in Nonjury Cases*." Ill. S. Ct. R. 366(b) (eff. Feb. 1, 1994).

Like the Code, the very structure of the rule indicates that jury and nonjury cases are to be treated differently.

¶ 32     Subsection (b) states in relevant part:

"(2) *Scope and Procedure on Review in Jury Cases*. ***

\* \* \*

(iii) *Post-Trial Motion*. A party may not urge as error on review of     the    ruling on the party's post-trial motion any point, ground, or relief not specified in the motion. \*\*\*

(3) *Scope and Procedure on Review in Nonjury Cases*. ***
\*\*\*

(ii) *Post-Judgment Motions*. Neither the filing of nor the failure to file a post-judgment motion limits the scope of review." Ill. S. Ct. R. 366(b)(2)(iii), (3)(ii) (eff. Feb. 1, 1994).

As the above quote demonstrates, jury and nonjury cases are treated quite differently by the rules. While the failure to file a posttrial motion in a nonjury case does not limit the scope of the appellate court's review, the failure to file a posttrial motion in a jury cases results in waiver, which we now call a forfeiture. In contrast to a nonjury case, a party in a jury case may not argue to the appellate court "any point, ground, or relief not specified" in his or her posttrial motion. Ill. S. Ct. R. 366(b)(2)(iii) (eff. Feb. 1, 1994).

¶ 33                                                    C. Case Law

¶ 34     With the language of the statute and rule so clear, it is then no surprise that the courts have consistently held for decades that the failure to file a posttrial motion in a jury case results in forfeiture. *E.g.*, *Garcia*, 2011 IL App (1st) 103085, ¶ 32 ("Illinois Supreme Court Rule 366 required plaintiff to file a posttrial motion in order to preserve issues for review [after a jury trial]. Plaintiff failed to do so, and he has therefore forfeited review of any alleged errors."). See also *Brown v. Decatur Memorial Hospital*, 83 Ill. 2d 344, 348-49 (1980) (plaintiff waived for review on appeal an issue with respect to jury instructions, where his posttrial motion did not "specif[y] the ground upon which it is based"); *Nilsson v. NBD Bank of Illinois*, 313 Ill. App. 3d 751, 767 (1999) (after a jury trial, "defendants failed to file a posttrial motion; therefore, they have failed to preserve the issue" for review); *In re Parentage of Kimble*, 204 Ill. App. 3d 914, 916 (1990) ("Petitioner's failure to file a post-trial motion following the jury trial amounted to failure to preserve any matters for review."); *Malott v. Hart*, 167 Ill. App. 3d 209, 211 (1988) ("The plaintiffs' failure to file a post-trial motion amounted to a failure to preserve any matters for review."); *Leslie H. Allott Plumbing & Heating, Inc. v. Owens-Corning Fiberglas*,[3] 112 Ill. App. 3d 136, 137 (1983) (appeal dismissed where the plaintiff in a jury case failed to file a posttrial motion).

¶ 35     In *Allott Plumbing*, the appellate court explained the policy reasons behind the requirement for a posttrial motion in a jury case:

"The plaintiff's failure to file a post-trial motion has resulted in a waiver of the issue it now seeks to raise on appeal. Before we can be asked to assess the propriety of

---

[3]In the caption of the case, the word "fiberglass" is spelled "fiberglas."

the jury's verdict, the trial judge, who is most familiar with the evidence and the witnesses, must be given an opportunity to review his ruling and decide if a new trial or a judgment notwithstanding the verdict is appropriate. [Citation.] The plaintiff's failure to file a post-trial motion has denied the trial judge the opportunity to reassess his decision." *Allott Plumbing*, 112 Ill. App. 3d at 137 ("For the foregoing reasons, this appeal is dismissed.").

Accord *In re Parentage of Kimble*, 204 Ill. App. 3d at 916-17 ("Before we can be asked to assess the correctness of the original rulings of the trial court, the trial judge, who is most familiar with the events of the trial, must be given an opportunity to reassess his rulings.").

¶ 36    The plain language of the Code and Supreme Court Rule 366, as well as our well-established case law, require the filing of a posttrial motion in a jury case, which plaintiff failed to do.

¶ 37    There is case law permitting a reviewing court to consider a forfeiture under the plain error doctrine in civil cases. *Wilbourn v. Cavalenes*, 398 Ill. App. 3d 837, 855-56 (2010) (citing *Palanti v. Dillon Enterprises, Ltd.*, 303 Ill. App. 3d 58, 66 (1999), citing *Belfield v. Coop*, 8 Ill. 2d 293, 313 (1956)); *Matthews v. Avalon Petroleum Co.*, 375 Ill. App. 3d 1, 8 (2007); *In re Marriage of Saheb*, 377 Ill. App. 3d 615, 627 (2007). Although the doctrine may be applied in civil cases, it finds much greater application in criminal cases. *Wilbourn*, 398 Ill. App. 3d at 856 (citing *Gillespie v. Chrysler Motors Corp.*, 135 Ill. 2d 363, 375 (1990)). The plain error doctrine may be applied in civil cases only where the act complained of was a prejudicial error so egregious that it deprived the complaining party of a fair trial and substantially impaired the integrity of the judicial process itself. *Wilbourn*, 398 Ill. App. 3d at 856; *Matthews*, 375 Ill. App. 3d at 8; *In re Marriage of Saheb*, 377 Ill. App. 3d at 627. This court has observed that the application of the plain error doctrine to civil cases should be exceedingly rare. *Wilbourn*, 398 Ill. App. 3d at 856 (citing *Palanti v. Dillon Enterprises, Ltd.*, 303 Ill. App. 3d 58, 66 (1999)).

¶ 38    In the instant appeal, plaintiff argues that we should consider his case under the plain error doctrine since "he did not file a written posttrial motion on the issue to avoid a mistrial." Plaintiff argues that, when he kept raising the issue (in front of the jury and in violation of the trial court's order), the trial court warned him that if he did it again, the court would declare a mistrial. Plaintiff's argument is not persuasive. First, the trial court's admonition was directed toward plaintiff's conduct in front of the jury. Filing a written posttrial motion would not violate the trial court's order, since the jury would not have been made aware of the written motion and, in any event, the jury had already been dismissed. Second, no rational trial judge would declare a mistrial on the ground that plaintiff was filing a statutorily required motion. Thus, we do not find plaintiff's argument persuasive.

¶ 39    In addition, plaintiff's alleged evidentiary error was not so egregious that it makes us question the integrity of the judicial process itself. *E.g.*, *Wilbourn*, 398 Ill. App. 3d at 856. In the case at bar, the trial court ruled: "What you can't do is make it appear *** that there was some sort of bag man or taking of this money because you're not going to be able to tie it up because Dr. [Ghouse] is not going to testify here." Without Dr. Ghouse, the trial court found that the question was more "prejudicial than probative." Ill. R. Evid. 403 (eff. Jan. 1, 2011) ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ***."). The appellate record does not indicate either that plaintiff subpoenaed Dr. Ghouse to testify at trial or that there was some other reason for Dr. Ghouse's absence, such as death or illness; and on appeal, plaintiff does not

claim that there was either a subpoena or a reason for Dr. Ghouse's absence. Thus, even if we considered the issue and found error, it was not the type of egregious error required to trigger the application of the plain error doctrine in civil cases. *E.g.*, *Wilbourn*, 398 Ill. App. 3d at 856.

¶ 40                                    CONCLUSION

¶ 41        For the foregoing reasons, the issue raised by plaintiff is forfeited for our consideration on appeal.

¶ 42        Affirmed.