2022 IL App (3d) 210076

Opinion filed August 26, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| JANET WAYMAN, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Petitioner-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0076 |
| | ) | Circuit No. 21-OP-16 |
| THOMAS J. FREDERICK, | ) | |
| | ) | The Honorable |
| Respondent-Appellant. | ) | Elizabeth D. Hoskins Dow, |
| | ) | Judge, presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court, with opinion.
Justices Hettel and Peterson concurred in the judgment and opinion.

**OPINION**

¶ 1 Petitioner, Janet Wayman, filed a petition for a stalking no contact order (referred to

hereinafter as the petition or the stalking petition) in the trial court against respondent, Thomas J.

Frederick. Respondent filed a motion to dismiss the petition pursuant to the Citizen Participation

Act (Act) (735 ILCS 110/1 *et seq.* (2020)) and also requested an award of attorney fees and

costs. After a hearing, the trial court granted respondent's motion to dismiss but denied

respondent's attorney fees and costs request. Respondent appeals. We reverse the trial court's

denial of respondent's attorney fees and costs request and remand this case with directions to the

trial court to determine the appropriate amount of reasonable attorney fees and costs to be awarded to respondent.

¶ 2                                I. BACKGROUND

¶ 3        Petitioner and her husband, Terry Gaca, lived in a home in a wooded area of Naperville, Will County, Illinois. Respondent was one of their adjoining neighbors. In about 2018, petitioner and Gaca moved to Chicago and began renting out the Naperville home to multiple tenants and also started renting out the Naperville property for the storage of vehicles.

¶ 4        In August 2019, respondent brought a civil action against petitioner and Gaca alleging public nuisance claims and seeking to enjoin petitioner and Gaca's alleged violation of multiple provisions of the Naperville Zoning Ordinance (Naperville Code of Ordinances § 6-1-1 *et seq.* (adopted Jan. 1, 1980)). Several months later, in June 2020, respondent filed a petition for adjudication of criminal contempt against Gaca, alleging that Gaca had attempted to perpetuate a fraud upon the trial court in respondent's civil case.

¶ 5        In January 2021, petitioner filed the instant stalking petition against respondent in the trial court. Petitioner alleged in the petition that respondent had engaged in several acts of stalking, intimidation, and harassment of petitioner, which included following petitioner in his car and photographing petitioner, Gaca, and the Naperville property or having someone else do so. Petitioner's allegations in the stalking petition were based upon documents that had been disclosed to petitioner and Gaca in either respondent's civil case or his criminal contempt case. After the stalking petition was filed, the trial court held an *ex parte* hearing later that same day. The trial court denied emergency relief but set the case for a further hearing on the stalking petition to be held later that same month.

2

¶ 6        Shortly after the initial hearing, respondent filed a combined motion to dismiss the stalking petition. In the motion, respondent alleged several grounds for dismissal. Of relevance to this appeal, one of the grounds alleged in the motion was that dismissal was warranted pursuant to the Act because all of respondent's conduct, about which petitioner complained, was related or incidental to respondent's civil or contempt case and was, therefore, constitutionally protected activity. Based upon the several grounds listed, respondent asked the trial court to dismiss the stalking petition with prejudice, to award respondent reasonable attorney fees and costs, and to "consider" imposing sanctions upon petitioner. Attached to the motion as a supporting document was a lengthy affidavit that respondent had prepared, which set forth many of the underlying facts in this case, the civil case, and the contempt action.

¶ 7        In February 2021, the trial court held a hearing on respondent's motion to dismiss. Petitioner and respondent were both present in court for the hearing (either personally or by Zoom) and were represented by their attorneys. After listening to the oral arguments of the attorneys, the trial court granted respondent's motion to dismiss the stalking petition based upon the Act but denied respondent's request for attorney fees and costs. Respondent appealed.[1]

¶ 8                                          II. ANALYSIS

¶ 9        On appeal, respondent argues that the trial court erred in denying his request for costs and attorney fees after granting respondent's motion to dismiss the stalking petition pursuant to the Act. Respondent asserts that the trial court's ruling was incorrect because under the Act, the trial court was required to award respondent his attorney fees and costs associated with litigating the

_____

[1]Petitioner filed a separate appeal to challenge the dismissal of her stalking petition. That appeal, however, was subsequently dismissed on motion of respondent because of petitioner's failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). See *Wayman v. Frederick*, No. 3-21-0094 (2021) (unpublished dispositional order).

3

motion to dismiss. Respondent asks, therefore, that we reverse that portion of the trial court's judgment and that we remand this case with directions to the trial court to determine the appropriate amount of reasonable attorney fees and costs to be awarded to respondent, including the attorney fees and costs incurred in this appeal and in the separate appeal filed by petitioner that this court eventually dismissed.

¶ 10　　　Petitioner, who is self-represented in this appeal, argues that the trial court's denial of respondent's request for attorney fees and costs was proper and should be upheld. Petitioner asserts that the trial court's ruling did not constitute an abuse of discretion because (1) respondent did not present any evidence to support his request for attorney fees and costs; (2) respondent, who is an attorney, basically represented himself in the proceedings; (3) the trial court essentially found that no amount of attorney fees or costs would be reasonable to award to respondent; and (4) respondent did not ask the trial court to reconsider its ruling. In making those assertions, petitioner points out that respondent has not argued in this appeal that the trial court abused its discretion when it denied respondent's request. As for respondent's request for appellate attorney fees and costs, petitioner asserts that respondent's request should be rejected because the plain language of the Act does not authorize such an award. For all of the reasons set forth, petitioner asks that we affirm the trial court's denial of respondent's request for attorney fees and costs or, in the alternative, that we remand this case to the trial court for a hearing on the matter.

¶ 11　　　As an initial concern, we must first determine the appropriate standard of review. Respondent asserts that the issue presented in this appeal—whether an award of attorney fees and costs was required under the Act—is a matter of statutory interpretation and is subject to a *de novo* standard of review on appeal (see *Wright Development Group, LLC v. Walsh*, 238 Ill. 2d

4

620, 634 (2010) (applying a *de novo* standard of review to a question of immunity under the Act that was a matter of statutory interpretation)). Petitioner, on the other hand, asserts that the trial court's denial of respondent's request should not be reversed on appeal unless the trial court committed an abuse of discretion in making its ruling (see *Lewis X. Cohen Insurance Trust v. Stern*, 297 Ill. App. 3d 220, 233 (1998) (applying an abuse of discretion standard of review to a trial court's determination as to what constituted a reasonable amount of attorney fees to be awarded under a contract)). We agree with respondent. The determination of whether the Act requires an award of attorney fees and costs is a question of statutory interpretation. We, therefore, apply a *de novo* standard of review to the trial court's ruling denying respondent's request for an award of attorney fees and costs. See *Wright Development Group, LLC*, 238 Ill. 2d at 634; see also *Shoreline Towers Condominium Ass'n v. Gassman*, 404 Ill. App. 3d 1013, 1024 (2010) (applying a *de novo* standard of review to the trial court's determination that an award of attorney fees and costs was proper under the Act).

¶ 12    Turning to the merits of the issue raised in this appeal, we note that the Act was passed into law in 2007 to protect citizens from SLAPPs—Strategic Lawsuits Against Public Participation—lawsuits that aim to prevent citizens from exercising their constitutional rights or to punish them for doing so. See *Wright Development Group, LLC*, 238 Ill. 2d at 630; *Shoreline Towers Condominium Ass'n*, 404 Ill. App. 3d at 1020. SLAPPs use the threat of money damages and the cost of defending against lawsuits to silence citizen participation. 735 ILCS 110/5 (West 2020); *Wright Development Group, LLC*, 238 Ill. 2d at 630. To guard against the chilling effect of SLAPPs, Illinois and several other states passed anti-SLAPP statutes, such as the one in the present case. See *Wright Development Group, LLC*, 238 Ill. 2d at 630-31. The Act seeks to extinguish SLAPPs and protect citizen participation by (1) immunizing citizens from civil

actions based on acts made in furtherance of a citizen's free speech rights or the right to petition government, (2) establishing an expedited legal process to dispose of SLAPPs in both the trial and appellate court, and (3) mandating that a prevailing movant be awarded reasonable attorney fees and costs incurred in connection with a motion filed pursuant to the Act. See 735 ILCS 110/15, 20, 25 (West 2020); *Wright Development Group, LLC*, 238 Ill. 2d at 632. Pursuant to its terms, the Act is to be "construed liberally to effectuate its purposes and intent fully." 735 ILCS 110/30 (West 2020).

¶ 13        The issue in this appeal centers around whether an award of attorney fees and costs is mandatory under the Act. The rule is well settled in Illinois that absent a contract or a fee-shifting statute, the parties to a lawsuit are generally required to pay their own legal expenses. See, *e.g.*, *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 64. The Act in this case, however, contains a fee-shifting provision. See 735 ILCS 110/25 (West 2020); *Shoreline Towers Condominium Ass'n*, 404 Ill. App. 3d at 1024. Section 25 of the Act provides that "[t]he court shall award a moving party who prevails in a motion under this Act reasonable attorney's fees and costs incurred in connection with the motion." 735 ILCS 110/25 (West 2020); *Shoreline Towers Condominium Ass'n*, 404 Ill. App. 3d at 1024. The question before us in this appeal, then, is whether that section and the Act as whole, from a statutory construction standpoint, require that an award of attorney fees and costs be made.

¶ 14        Normally, to answer that question, we would apply the well-established rules of statutory construction to determine if an award of attorney fees and costs is mandatory under the Act. We have no need to do so here, however, because our supreme court has already answered that question, albeit somewhat implicitly. As indicated above, in *Wright Development Group, LLC*, the supreme court noted that the Act seeks to extinguish SLAPPs and protect citizen participation

6

by, among other things, "mandating" that a prevailing movant be awarded reasonable attorney fees and costs incurred in connection with a motion filed pursuant to the Act. See *Wright Development Group, LLC*, 238 Ill. 2d at 632. The supreme court went on in that case to remand the matter to the trial court to determine the appropriate amount of attorney fees and costs to be awarded to the prevailing movant. See *id.* at 640. In a later case, *Sandholm*, the supreme court made a similar statement, noting that the Act "requires" a plaintiff to pay a defendant's attorney fees incurred in connection with a motion to dismiss brought pursuant to the Act. See *Sandholm*, 2012 IL 111443, ¶ 51. Thus, our supreme court has already concluded that an award of attorney fees and costs to a prevailing movant is mandatory under the Act. See *Wright Development Group, LLC*, 238 Ill. 2d at 632, 640; *Sandholm*, 2012 IL 111443, ¶ 51.

¶ 15     We are bound by the supreme court's conclusion in that regard (see *Angelini v. Snow*, 58 Ill. App. 3d 116, 119 (1978) (indicating that state intermediate reviewing courts are bound by their supreme court)), although we would have reached the same conclusion, even if we were not so bound. When the word "shall" is used in a fee-shifting statute, such as the one in the present case, an award of fees is generally mandatory, unless there is some further qualification in the statute. *Kirk v. Arnold*, 2020 IL App (1st) 190782, ¶ 16. There is no further qualification in the Act under review in the present case. Indeed, other courts that have considered this issue have also held or indicated that an award of attorney fees and cost is required under the Act. See *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 119 (2010); *Midwest REM Enterprises, Inc. v. Noonan*, 2015 IL App (1st) 132488, ¶ 87. We find, therefore, that the trial court was required in this case to award respondent his reasonable attorney fees and costs as a prevailing movant under the Act. See 735 ILCS 110/25 (West 2020); *Wright Development Group, LLC*, 238 Ill. 2d at 632, 640; *Sandholm*, 2012 IL 111443, ¶ 51; *Hytel Group, Inc.*, 405 Ill. App. 3d at 119; *Midwest REM*

7

*Enterprises, Inc.*, 2015 IL App (1st) 132488, ¶ 87. Thus, the trial court erred when it denied outright respondent's request for attorney fees and costs.

¶ 16     Although, as petitioner correctly notes, respondent did not specify the amount of attorney fees and costs he was seeking in his motion to dismiss, it would not be unusual for a litigant to do so in a later filed motion that specifically addressed attorney fees and costs and provided the documents necessary to support the amount sought. The record in this case does not indicate that it was a lack of specific information on attorney fees and costs that was the basis for the trial court's denial of respondent's request. Rather, it appears from the record that the trial court did not realize that an award of attorney fees and costs was required under the Act. In addition, and contrary to petitioner's assertion, the fact that respondent did not file a motion to reconsider in the trial court as to the denial of attorney fees and costs does not prevent respondent from raising that issue on appeal. See 735 ILCS 5/2-1203(a) (West 2020) (indicating through the use of the word "may" that the filing of a posttrial motion is not mandatory in a civil nonjury case); Ill. S. Ct. R. 366(b)(3)(ii) (eff. Feb. 1, 1994) (providing that neither the filing of nor the failure to file a posttrial motion in a civil nonjury case limits the scope of review on appeal); *Arient v. Shaik*, 2015 IL App (1st) 133969, ¶ 32 (recognizing that the failure to file a posttrial motion in a civil nonjury case does not limit the scope of review on appeal). Nor are we persuaded to reach a different result by petitioner's claim that respondent drafted, or assisted in drafting, some of the pleadings in this case. We are not aware of any authority—and petitioner provides none—that would prohibit respondent, an Illinois attorney, from participating in the drafting of the pleadings. Therefore, because we have concluded that an award of attorney fees and costs was mandatory in this case and that the trial court erred by failing to make such an award, we remand

8

this case to the trial court with directions to determine the appropriate amount of reasonable attorney fees and costs to be awarded to respondent.

¶ 17    As a final matter, we must determine whether that award should potentially include any of the attorney fees and costs that respondent incurred on appeal, either in this case or in the appeal filed by petitioner that was previously dismissed. Upon reviewing the case law in this area, we note that courts have generally allowed a litigant to recover his or her attorney fees and costs for an appeal when a fee-shifting provision applies. See, *e.g.*, *Chesrow v. Du Page Auto Brokers, Inc.*, 200 Ill. App. 3d 72, 76 (1990) (finding that the fee-shifting provision contained in a consumer fraud statute allowed for an award of attorney fees and costs incurred on appeal). The courts have done so based upon the broad purpose of the statute involved and/or the language in the statute requiring that the statute be liberally construed to achieve its purpose. See, *e.g.*, *id.*

¶ 18    In *Sandholm*, however, our supreme court found that the liberal-construction language contained in the Act did not apply to the fee-shifting provision and that the fee-shifting provision had to be strictly construed because it was in derogation of the common law. See *Sandholm*, 2012 IL 111443, ¶ 64. The supreme court went on to state or indicate that the Act's fee-shifting provision was unambiguous, that it allowed the prevailing movant to recover only those attorney fees (and presumably costs) that could specifically be delineated as incurred in connection with the motion to dismiss filed under the Act, and that it did not allow for the recovery of any attorney fees incurred (and presumably costs) that were not specifically connected to the motion to dismiss. See *id.* ¶¶ 65-66.

¶ 19    Applying a strict-construction approach in the present case, we find that the Act's fee-shifting provision does not allow respondent to recover any of his attorney fees or costs for the

9

two appeals.[2] See *id.* We also find that the fee-shifting provision does not allow respondent to recover any of the time incurred in preparing a petition for attorney fees and costs (fee petition) as such time would not specifically be connected to the motion to dismiss. See *id.* ¶¶ 64-66. The fee-shifting provision in the instant case does not specifically provide for the recovery of attorney fees and costs in either of those two circumstances (an appeal or the preparation of a fee petition). In addition, and in keeping with a strict-construction approach, we find further that the Act does not allow respondent to recover any attorney fees or costs for that portion of his motion to dismiss that was not based upon the Act. See *id.*; see also *Hytel Group, Inc.*, 405 Ill. App. 3d at 130 (denying attorney fees and costs associated with the defendant's other motion to dismiss that was not brought pursuant to the Act). We reach those conclusions on these matters because of the specific context of this case—a request for attorney fees and costs under the Act—and because of the supreme court's interpretation in *Sandholm* of the Act's fee-shifting provision. Our conclusions here do not extend beyond that specific context.

¶ 20                                   III. CONCLUSION

¶ 21        For the foregoing reasons, we reverse the judgment of the circuit court of Will County as to the denial of respondent's request for an award of attorney fees and costs, and we remand this case to the trial court with directions to determine the appropriate amount of reasonable attorney fees and costs to be awarded to respondent. In doing so, the trial court should award respondent only those reasonable attorney fees and costs that are specifically connected to that portion of respondent's motion to dismiss that was based upon the Act and should not award respondent

---

[2]Because we have found that the Act does not allow for an award of appellate attorney fees and costs, we have no need determine whether, if such an award was allowed, respondent could recover in this appeal the attorney fees and costs he incurred in a separate appeal.

10

any attorney fees and costs incurred in this or the prior appeal or in the preparation of a fee petition. See *id.*

¶ 22　　　　Reversed and remanded with directions.

*Wayman v. Frederick*, **2022 IL App (3d) 210076**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 21-OP-16; the Hon. Elizabeth D. Hoskins Dow, Judge, presiding. |
| **Attorneys for Appellant:** | Jamie B. Collins and Pamela Davis Gorcowski, of Kavanagh Grumley & Gorbold LLC, of Joliet, for appellant. |
| **Attorneys for Appellee:** | Janet Wayman, of Chicago, appellee *pro se*. |